

**The New York Times Company**

**David McCraw**
Vice President and
Deputy General Counsel

620 Eighth Avenue
New York, NY 10018

tel 212.556-4031
fax 212.556-4634
mccraw@nytimes.com

April 13, 2018

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/18
```

**VIA EMAIL**

Hon. Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re Search Warrant for Michael Cohen* (18 MJ 3161)

Dear Judge Wood:

I write on behalf of The New York Times Company ("The Times") regarding the potential closing of judicial proceedings or sealing of judicial documents in relation to the application for and execution of a search warrant on Michael Cohen. The Associated Press and Newsday also join this letter.

We write to emphasize the significant public interest in access to these proceedings and to the judicial documents at issue, including Mr. Cohen's motion for a temporary restraining order. We respectfully request that the documents be filed publicly and that the public be permitted access to today's proceedings; or that we be permitted to be heard prior to any closure. Due to the short notice of this hearing, counsel is not able to be present at this time. However, if Your Honor prefers, we are prepared to move by a formal motion to intervene and counsel may be available to appear later this afternoon or on Monday.

The Times' Right To Intervene

There is a qualified First Amendment and common law right held by the public to access judicial documents and proceedings. *See, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) (First Amendment right to proceedings); *Lugosch v. Pyramid Co.* 435 F.3d 110, 119-20 (2d Cir. 2006) (constitutional and common law right to judicial documents). The Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the right of access. *See, e.g., United States v. King*, 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller*, 837 F.2d 84, 85 (2d Cir. 1988).

The Right of Access to Judicial Documents and Proceedings

The First Amendment creates a right of public access to criminal trials, including pre-trial proceedings like the one taking place here today. *See, e.g., Richmond Newspapers v. Virginia*, 448 U.S. 555, 571, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980); *Press-Enterprise Co. v. Superior Ct. II* (1986). The parties seeking closure must establish that (i) public access would threaten a compelling interest, (ii) no alternative short of closure could protect that interest; (iii) the limitation sought is as narrow as possible; and (iv) the restriction will actually be effective in protecting the threatened interest. We do not believe those standards can be satisfied here. Further, a court may not order closure without first giving the public adequate notice that a closure may occur and then allowing interests persons an opportunity to object to the request.

The press and the public also enjoy a common law right of access to judicial documents. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-98 (1978). This common law right is a qualified one, and involves a three-step analysis in which the court determines: (1) whether a document is a "judicial document"; (2) if it is, how strong the presumption of access is; and (3) whether countervailing concerns overcome the presumption and justify continued sealing. *United States* attaches *v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014). The common law right of access here. *See Application of Newsday, Inc.*, 895 F.2d 74, 75 (2d Cir. 1990) (finding that the lower court had properly balanced the common law right of access to judicial records with the defendant's privacy rights, and affirming its release of a copy of a search warrant application.)

We respectfully object to the parties attempt to close these proceedings as we do not believe the First Amendment right of access to court proceedings can be overcome. We also respectfully request that the documents in these proceedings be unsealed. Alternatively, we request that the court hold a hearing on this matter and give us an opportunity to retain a lawyer to appear on our behalf prior to any closure.

Respectfully submitted,

/s/ David E. McCraw
David E. McCraw, Esq.
The New York Times Company
Legal Department
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Facsimile: (212) 556-1009
Email: mccrad@nytimes.com