**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In the Matter of Search Warrants Executed on April 9, 2018* | |

Michael D. Cohen,

                     Plaintiff,

             - against -

United States of America,

                  Defendant.

**FILED UNDER SEAL**

**Declaration of Todd Harrison in Support of an Order to Show Cause seeking a Preliminary Injunction and a Temporary Restraining Order**

State of New York

County of New York

      I, TODD HARRISON, an attorney duly admitted to practice law before the Courts of the State of New York, submit this Declaration upon information and belief of the facts set forth below:

      1.      I am a partner with the law firm of McDermott Will & Emery LLP, counsel for Michael D. Cohen in this action.  I respectfully submit this affirmation in support of Mr. Cohen's Order to Show Cause to Seal Search Warrants.

      2.      I am a member in good standing of the Bar of the State of New York, qualified to practice in the Courts of this State and in the United States District Court for the Southern and Eastern Districts of New York, and make the foregoing statements based on the best of my knowledge, information and belief.

      3.      I respectfully submit this affirmation in relation to Mr. Cohen's application for an Order to Show Cause in support of:

            (a)      Mr. Cohen's motion for a preliminary injunction allowing his counsel to

review materials seized pursuant to search warrants on April 9, 2018,

which contain information outside the scope of the warrant and

information protected by the attorney-client privilege and the work-

product doctrine, and/or to appoint a Special Master to oversee such a

review;

(b)  ████████████████████████████████████

████████████████████████; and

(c)  requesting that the government be temporarily restrained from reviewing

any of the seized materials until the Court rules on Mr. Cohen's

applications, or from publishing the search warrants, search warrant

inventories, or this application.

4.      No prior request for relief sought herein has been made to this or any other court.

***Mr. Cohen's Legal Background***

5.      Michael D. Cohen is an attorney barred in the State of New York.  Mr. Cohen was

admitted to practice in New York in 1992, and his license is currently in good standing.

6.      Mr. Cohen has engaged in the private practice of law for more than two decades.

In the course of his legal practice, Mr. Cohen has used various means to engage in privileged

communications with his clients, including letters, e-mail correspondence, telephone calls, and

text messages.  Mr. Cohen has also used both paper and electronic files to document and

facilitate his legal work on behalf of his clients.

7.      In or around 2006, Mr. Cohen joined the Trump Organization as an Executive

Vice President and Special Counsel to Donald J. Trump.

8.      During his tenure at the Trump Organization, Mr. Cohen provided legal counsel

to the Trump Organization and also served as Mr. Trump's personal attorney.  In his latter

2

capacity, Mr. Cohen provided legal advice directly to Mr. Trump, including legal advice unrelated to the Trump Organization.

9.      On November 8, 2016, Mr. Trump was elected President of the United States.

10.     Mr. Cohen resigned from the Trump Organization on January 20, 2017. Following Mr. Cohen's resignation from the Trump Organization, President Trump allowed Mr. Cohen to continue using the title, "Personal Attorney to President Donald J. Trump," in his email signature block.

11.     Mr. Cohen has served as personal legal counsel to Mr. Trump from at least 2006 to the present.

***Mr. Cohen's Cooperation with the United States House of Representatives Investigation***

12.     On March 1, 2017, the Permanent Select Committee on Intelligence of the United States House of Representatives ("House Intelligence Committee") announced its investigation into possible Russian active measures targeting the 2016 U.S. presidential election.

13.     On or around May 31, 2017, the  House Intelligence Committee served a subpoena on Mr. Cohen.

14.     The subpoena commanded Mr. Cohen to produce certain documents and records and to appear before the House Intelligence Committee for deposition testimony.

15.     Mr. Cohen made his first production of documents and records to the House Intelligence Committee in July 2017, and he made his final production of documents and records to the Committee in August 2017.

16.     Mr. Cohen's legal counsel advised the staff of the House Intelligence Committee that Mr. Cohen had withheld from production any document or record protected by the attorney-client privilege or the attorney work product doctrine.

17.     Mr. Cohen appeared before the House Intelligence Committee for testimony on October 24, 2017.  During his testimony under oath, Mr. Cohen made clear that he could not reveal any confidential communications with his clients pursuant to the attorney-client privilege protection.  The House Intelligence Committee honored this invocation of the privilege, even though they were not legally obligated to do so.

***Mr. Cohen's Cooperation with the United States Senate Investigation***

18.     On or around May 12, 2017, Mr. Cohen received a letter from the Select Committee on Intelligence of the United States Senate ("Senate Intelligence Committee").  The letter requested that Mr. Cohen voluntarily produce certain documents and records, as well as appear for a voluntary interview.

19.     Mr. Cohen made his first voluntary production of documents and records to the Senate Intelligence Committee in July 2017, and he made his final voluntary production to the Committee in August 2017.

20.     Mr. Cohen's legal counsel advised the staff of the Senate Intelligence Committee that Mr. Cohen had withheld from production any document or record protected by the attorney-client privilege or the attorney work product doctrine.

21.     Mr. Cohen voluntarily appeared before the staff of the Senate Intelligence Committee for a sworn and transcribed interview on October 25, 2017.  During the interview, Mr. Cohen advised the staff that he could not reveal any confidential communications with his client, the President of the United States, under the attorney-client privilege protection.   The Senate Intelligence Committee honored this invocation of the privilege, even though they were not legally obligated to do so.

*Mr. Cohen's Cooperation with Special Counsel Robert Mueller's Investigation*

22.     On May 17, 2017, the Department of Justice (DOJ) appointed Robert Mueller as Special Counsel to oversee a federal investigation into potential Russian interference in the 2016 U.S. presidential election.

23.     On information and belief, the Office of Special Counsel submitted requests for the voluntary production of documents to the Trump Organization and also issued subpoenas requiring the Trump Organization to produce documents and records.  Pursuant to those requests, the Trump Organization produced responsive documents and records that included materials that Mr. Cohen had previously produced to the House Intelligence Committee.

24.     On September 1, 2017, Mr. Cohen's legal counsel participated in a conference call with members of the Special Counsel's investigation team.  The Special Counsel indicated that they had obtained a copy of Mr. Cohen's document production to the House Intelligence Committee.

25.      Mr. Cohen's legal counsel gave permission to the Special Counsel to review both committee transcripts containing approximately 14 hours of Mr. Cohen's testimony under oath.

26.     In or around October 2017, Mr. Cohen's legal counsel became aware that the Special Counsel team had requested that the Trump Organization produce all of Mr. Cohen's communications that were within the Trump Organization's custody, possession, or control.

27.     On November 2, 2017, Mr. Cohen's legal counsel challenged the Special Counsel's request on the grounds that it called for production of privileged communications, among other things.  In response, the Special Counsel indicated that they had agreed to exclude privileged communications from the document request to the Trump Organization.

*Execution of Search and Seizure Warrants*

███   ████████████████████████████████████

████████████████████████████████████████████

███████████████████████

███   ████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

███   ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████

*Communications with the United States Attorney's Office for the Southern District of New York*

31.     On April 9, 2018, Mr. Cohen's legal counsel was advised in a telephone call by a

Assistant United States Attorney from the Southern District of New York, with knowledge of the

search and seizure warrants, that the Office of Special Counsel (Robert Mueller) had "referred a portion of" the subject matter of the warrants to the U.S. Attorney's Office for the Southern District of New York.

32.     On April 9, 2018, Mr. Cohen's legal counsel sent a letter to the U.S. Attorney's Office for the Southern District of New York stating that the DOJ's review of the materials seized from Mr. Cohen would infringe upon the attorney-client privilege and attorney work product protection, including but not limited to the privilege attaching to attorney-client communications between Mr. Cohen and President Trump.  The letter also explained that the DOJ's practice of using a "taint team" to review the seized materials was also improper under these circumstances.  This letter has been attached hereto as Exhibit A.

33.     On April 11, 2018, at 5:10 PM, counsel for Mr. Cohen received a letter from the U.S. Attorney's Office via email refusing to allow Mr. Cohen's attorneys to review the seized materials for privilege and responsiveness and indicating that the government will begin to review materials on Friday, April 13, 2018, at noon.  This letter has been attached hereto as Exhibit B.

***Efforts Made to Give Notice and the Reasons Why Further Notice is Not Necessary***

34.     The next day, on April 12, 2018, counsel for Mr. Cohen notified the U.S. Attorney's Office that it intended to file this application with the Court.

35.     Prior to filing this application, Mr. Cohen's counsel emailed the United States Attorney's Office copies of this application and hand-delivered a courtesy copy.

***Reasons for Immediacy***

36.     The seized materials contain thousands, if not millions, of pages of documents that are protected by the attorney-client privilege and/or the attorney work product doctrine.

37.     By letter dated April 11, 2018, the government rejected Mr. Cohen's proposal to have his counsel either review the seized materials in the first instance, or do so under the supervision of a Special Master, or to have a Special Master itself undertake the review and production.  The government insists on reviewing the voluminous privileged and confidential materials itself, through the use of its "filter" team.

38.     The government has indicated that it will begin reviewing the seized material on Friday, April 13, 2018, at noon.

39.     Once that review begins, Mr. Cohen will be significantly and irreparably harmed because communications between Mr. Cohen and his own attorneys that are protected by the attorney-client privilege and the work product doctrine will be exposed to the government.

40.     Once that review begins, Mr. Cohen and other innocent third parties will be significantly and irreparably harmed because materials and communications that are protected by the attorney-client privilege and the attorney work product doctrine concerning Mr. Cohen's clients will be exposed to the government.

41.     Between now and the Court's ruling on the preliminary injunction, Mr. Cohen will be immediately and irreparably harmed.

42.     Proceeding by notice of motion would not be a sufficient procedure for addressing these concerns because the government intends to begin reviewing the documents on Friday, April 13, 2018, at noon.

**WHEREFORE**, it is respectfully requested that (1) Mr. Cohen's motion for a preliminary injunction allowing his counsel to review the seized documents or to appoint a Special Master should be granted; (2) ███████████████████████████████████████ █████████████████████████████████████████████████████; and (3) in the

absence of the aforementioned requests for relief being granted, the government should be temporarily restrained from reviewing the seized materials or from releasing or publishing the search warrants, search warrant inventories, or this application.

Dated:      New York, New York
            April 12, 2018

                                        _____
                                                Todd Harrison

9

# EXHIBIT A

# FILED UNDER SEAL



Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen M. Ryan
Attorney at Law
sryan@mwe.com
+1 202 756 8333

April 9, 2018

## SENT VIA EMAIL AND FEDEX

Mr. Geoffrey S. Berman
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Attn: Assistant U.S. Attorney Thomas McKay

## Re:   SDNY's Search and Seizure of Michael Cohen's Documents

To Mr. McKay:

On behalf of our client, Michael Cohen, we write in regard to the seizure of Mr. Cohen's documents and records this morning pursuant to a series of search and seizure warrants issued by the United States Attorney's Office for the Southern District of New York. This action is deeply troubling on many levels, including the fact that your office executed the search warrants despite Mr. Cohen's full cooperation with all ongoing government investigations, which has included producing numerous documents and appearing for multiple interviews. The execution of search and seizure warrants was not only unwarranted,[1] it also resulted in the knowing seizure of thousands of communications that are protected by the attorney-client privilege and/or attorney work product doctrine, and one of those clients is the President of the United States.

████████████████████████████████████████████████████████

████████████████████████████████████████  Even if your office

were to assemble such a team for this investigation, it would be inappropriate for that team to be given access to Mr. Cohen's attorney work product and his attorney-client communications. His privileged and work product communications and documents should be protected from government review. It would be entirely inappropriate for the government to review these documents and attempt to determine whether a document is protected, even with the use of a

---

[1] The Government's action this morning is inconsistent with the U.S. Attorney's Manual. *See* U.S. Attorney's Manual, 9 – 13.420 ("In order to avoid impinging on valid attorney-client relationships, prosecutors are expected to take the least intrusive approach consistent with vigorous and effective law enforcement when evidence is sought from an attorney actively engaged in the practice of law.").

U.S. practice conducted through McDermott Will & Emery LLP.

The McDermott Building  500 North Capitol Street, N.W.  Washington D.C.  20001-1531   Telephone: +1 202 756 8000   Facsimile: +1 202 756 8087   www.mwe.com

Page 2

taint team.  *See United States v. Kaplan*, 2003 WL 22880914, at *12 (S.D.N.Y. Dec. 5, 2003) ("Certainly this Opinion should be counted among those *disapproving* the Government's use of an ethical wall team to 'protect' the attorney-client and work-product privileges . . . ."); *United States v. Stewart*, 2002 WL 1300059, at *6-7 (S.D.N.Y. June 11, 2002) (rejecting the government's request to utilize a taint team and appointing a special master to review files); *In re Search Warrant for Law Offices Executed on Mar. 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994) (stating that the use of taint teams "is highly questionable, and should be discouraged. The appearance of Justice must be served, as well as the interests of Justice. It is a great leap of faith to expect that members of the general public would believe any such [taint team] would be impenetrable; this notwithstanding our own trust in the honor of an AUSA."); *see also United States v. Neill*, 952 F. Supp. 834, 840–41 (D.D.C. 1997) (holding that the government "intentionally invaded the attorney-client privilege" when it reviewed materials it knew were protected but set up a taint team to review the materials).

We are willing to work with your office to ensure that your office is able to review all responsive, non-protected documents without eviscerating established privileges and the work product doctrine.  We propose that we, as counsel to Mr. Cohen, review the seized documents and create a privilege log before any government review occurs.  There is no reason why this should not work for the government.

Please provide a response to this letter by 5 PM Eastern on Tuesday, April 10.  In the interim, the government should not review of any of the seized materials.

Sincerely,

Stephen M. Ryan, Esq.
Counsel for Michael Cohen

# EXHIBIT B

# FILED UNDER SEAL

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 11, 2018

**BY EMAIL**
Stephen M. Ryan, Esq.
McDermott, Will & Emery
500 North Capitol Street, NW
Washington DC, 20001

     Re:   *Michael Cohen*

Dear Mr. Ryan:

We write in response to your letter, dated April 9, 2018, which requests that the Government not conduct any review of the materials seized on April 9th pursuant to judicially-authorized search warrants, and instead return the materials to you for defense counsel's initial review and creation of a privilege log. While we are unable to accede to those requests, we take this opportunity to address the concerns raised in your letter and to recommend certain further steps to alleviate them.

As an initial matter, we note that it is well-settled that law enforcement officials may "search law offices pursuant to a valid warrant that is supported by probable cause that an attorney has been engaging in criminal activity and that the law offices in question contain evidence of this suspected wrongdoing." *United States v. Stewart*, No. 02 Cr. 396 (JGK), 2002 WL 1300059, at *3 (S.D.N.Y. June 11, 2002) (citing Supreme Court and Second Circuit authority). That is what happened here:

These search warrants permit us to begin our review of the seized materials immediately. There is no legal requirement that we wait before reviewing the seized material, and you have not provided us with any authority to that effect. Nevertheless, as we have informed you, we are willing to confer with you about the review process as a courtesy to you and your client.

We next want to dispel the uncertainty expressed in your letter about whether the Government has a filter team in place (Ltr. at 1, commenting on whether the Government "*might* assemble at 'taint' team."). There should be no confusion on this point: We do.

███████████████████████████████████  [1]  We take very seriously those obligations
and the special concerns that arise when an attorney's materials are searched. For that reason, the
U.S. Attorney's Office has in place a designated team of filter AUSAs and FBI personnel, separate
from the investigative team, who will be responsible for review and screening of all seized material
for potential privileges.

The use of a designated "filter team," separate and apart from the investigative team, in
order to address potential privileges, is a "common procedure" in this District. *United States v.
Ceglia*, 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015); *see also  United States v. Patel*, No.
16 Cr. 798 (KBF), 2017 WL 3394607, at *7 (S.D.N.Y. Aug. 8, 2017) (noting Government use of
wall review team as evidence of good faith); *United States v. Lumiere*, No. 16 Cr. 483, 2016 WL
7188149, at *7 (S.D.N.Y. Nov. 29, 2016) (noting proposed use of wall review team); *SEC v. Lek
Secs. Corp.*, 17 Civ. 1879 (DLC), 2018 WL 417596, at *4 (S.D.N.Y. Jan. 16, 2018) (SEC's use of
filter team "reflects respect for the privilege").  Courts in this District have repeatedly rejected
defense requests for the appointment of a special master, finding that the "the Government's
proposed employment of a 'wall Assistant' adequately protects the defendant's asserted privilege."
*United States v. Winters*, No. 06 Cr. 54 (SWK), 2006 WL 2789864, at *2 (S.D.N.Y. Sept. 27,
2006); *see also United States v. Grant*, No. 04 Cr. 207 (BSJ), 2004 WL 1171258, at *2 (S.D.N.Y.
May 25, 2004) (same, noting that "the Government should be allowed to make fully informed
arguments as to privilege if the public's strong interest in the investigation and prosecution of
criminal conduct is to be adequately protected").

We are aware of no court to have ordered the procedure you propose – namely, that the
Government return lawfully seized materials to defense counsel for unilateral review and
designation of privilege in the first instance.  The four cases that you cite in your letter do not
support such an approach. *See United States v. Stewart*, 2002 WL 1300059, at *7 (S.D.N.Y. June
11, 2002) (appointing special master in "exceptional" case where defendant was a criminal defense
lawyer and files seized related to numerous criminal cases pending before the U.S. Attorney's
Office, including files of *other* attorneys in a shared office); *United States v. Kaplan*, 02 Cr. 883
(DAB), 2003 WL 22880914, at *11 (S.D.N.Y. Dec. 5, 2003) (denying request to appoint special
master or for in camera review); *In re Search Warrant*, 153 F.R.D 55, 58 (S.D.N.Y. 1994)
(expressing skepticism of wall review process in dicta); *United States v. Neill*, 952 F. Supp. 834,
842 (D. D.C. 1997) (denying motion to dismiss because no privileged information flowed to
prosecution team).

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

To that end, to the extent that you have any suggestions as to our review, we are happy to consider
them.  For example,  we encourage you to provide us with a list of any client(s) or attorneys with
whom you believe Mr. Cohen has an attorney-client relationship.  If you intend to provide any

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

such suggestions or information, please do so by noon on Friday, as we otherwise intend to begin our review thereafter.

Very truly yours,

ROBERT KHUZAMI
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515

By: _____
Thomas McKay
Rachel Maimin
Nicolas Roos
Assistant United States Attorneys
(212) 637-2268 / -2460 / -2421

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In the Matter of Search Warrants Executed on April 9, 2018*

Michael D. Cohen,

                              Plaintiff,

                    - against -

United States of America,

                              Defendant.

**FILED UNDER SEAL**

**Sealing Order**

        UPON the Declaration of Todd Harrison, sworn to April 12, 2018 ("Harrison Decl."), the

Memorandum of Law in Support of Michael D. Cohen's Order to Show Cause for a Preliminary

Injunction and a Temporary Restraining Order Concerning Search Warrants Executed on April

9, 2018; and upon all the papers and proceedings heretofore had herein, the Court, having

reviewed the application and Motion for, it is hereby:

        **ORDERED** that the Clerk shall seal this case and the papers filed herein.

        **ORDERED** that the search warrants and search warrant returns referenced in the Order

to Show Cause shall be sealed.

        **ORDERED** that until the preliminary injunction has been decided, this case and the

papers filed herein together with the search warrants and search warrant returns shall be sealed.

Dated:  April __, 2018

                                                    _____
                                                    United States Magistrate Judge