# EXHIBIT B
# FILED UNDER SEAL

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 11, 2018

**BY EMAIL**
Stephen M. Ryan, Esq.
McDermott, Will & Emery
500 North Capitol Street, NW
Washington DC, 20001

    Re:   *Michael Cohen*

Dear Mr. Ryan:

    We write in response to your letter, dated April 9, 2018, which requests that the Government not conduct any review of the materials seized on April 9th pursuant to judicially-authorized search warrants, and instead return the materials to you for defense counsel's initial review and creation of a privilege log. While we are unable to accede to those requests, we take this opportunity to address the concerns raised in your letter and to recommend certain further steps to alleviate them.

    As an initial matter, we note that it is well-settled that law enforcement officials may "search law offices pursuant to a valid warrant that is supported by probable cause that an attorney has been engaging in criminal activity and that the law offices in question contain evidence of this suspected wrongdoing." *United States v. Stewart*, No. 02 Cr. 396 (JGK), 2002 WL 1300059, at *3 (S.D.N.Y. June 11, 2002) (citing Supreme Court and Second Circuit authority). That is what happened here:

    These search warrants permit us to begin our review of the seized materials immediately. There is no legal requirement that we wait before reviewing the seized material, and you have not provided us with any authority to that effect. Nevertheless, as we have informed you, we are willing to confer with you about the review process as a courtesy to you and your client.

    We next want to dispel the uncertainty expressed in your letter about whether the Government has a filter team in place (Ltr. at 1, commenting on whether the Government "*might* assemble at 'taint' team."). There should be no confusion on this point: We do.

████████████████████████████████ [1]  We take very seriously those obligations and the special concerns that arise when an attorney's materials are searched. For that reason, the U.S. Attorney's Office has in place a designated team of filter AUSAs and FBI personnel, separate from the investigative team, who will be responsible for review and screening of all seized material for potential privileges.

The use of a designated "filter team," separate and apart from the investigative team, in order to address potential privileges, is a "common procedure" in this District.  *United States v. Ceglia*, 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015); *see also  United States v. Patel*, No. 16 Cr. 798 (KBF), 2017 WL 3394607, at *7 (S.D.N.Y. Aug. 8, 2017) (noting Government use of wall review team as evidence of good faith); *United States v. Lumiere*, No. 16 Cr. 483, 2016 WL 7188149, at *7 (S.D.N.Y. Nov. 29, 2016) (noting proposed use of wall review team); *SEC v. Lek Secs. Corp.*, 17 Civ. 1879 (DLC), 2018 WL 417596, at *4 (S.D.N.Y. Jan. 16, 2018) (SEC's use of filter team "reflects respect for the privilege").  Courts in this District have repeatedly rejected defense requests for the appointment of a special master, finding that the "the Government's proposed employment of a 'wall Assistant' adequately protects the defendant's asserted privilege." *United States v. Winters*, No. 06 Cr. 54 (SWK), 2006 WL 2789864, at *2 (S.D.N.Y. Sept. 27, 2006); *see also United States v. Grant*, No. 04 Cr. 207 (BSJ), 2004 WL 1171258, at *2 (S.D.N.Y. May 25, 2004) (same, noting that "the Government should be allowed to make fully informed arguments as to privilege if the public's strong interest in the investigation and prosecution of criminal conduct is to be adequately protected").

We are aware of no court to have ordered the procedure you propose – namely, that the Government return lawfully seized materials to defense counsel for unilateral review and designation of privilege in the first instance.  The four cases that you cite in your letter do not support such an approach.  *See United States v. Stewart*, 2002 WL 1300059, at *7 (S.D.N.Y. June 11, 2002) (appointing special master in "exceptional" case where defendant was a criminal defense lawyer and files seized related to numerous criminal cases pending before the U.S. Attorney's Office, including files of *other* attorneys in a shared office); *United States v. Kaplan*, 02 Cr. 883 (DAB), 2003 WL 22880914, at *11 (S.D.N.Y. Dec. 5, 2003) (denying request to appoint special master or for in camera review); *In re Search Warrant*, 153 F.R.D 55, 58 (S.D.N.Y. 1994) (expressing skepticism of wall review process in dicta); *United States v. Neill*, 952 F. Supp. 834, 842 (D. D.C. 1997) (denying motion to dismiss because no privileged information flowed to prosecution team).

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

To that end, to the extent that you have any suggestions as to our review, we are happy to consider them.  For example,  we encourage you to provide us with a list of any client(s) or attorneys with whom you believe Mr. Cohen has an attorney-client relationship.  If you intend to provide any

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

such suggestions or information, please do so by noon on Friday, as we otherwise intend to begin our review thereafter.

Very truly yours,

ROBERT KHUZAMI
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515

By: _____
Thomas McKay
Rachel Maimin
Nicolas Roos
Assistant United States Attorneys
(212) 637-2268 / -2460 / -2421