U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 26, 2018

**BY ECF AND HAND**
The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Cohen v. United States*, 18 Mag. 3161 (KMW)

Dear Judge Wood:

    At the conference scheduled for today at noon, the Government will provide a detailed update on the status of its production to Michael Cohen's counsel of a set of the materials seized during the April 9, 2018 searches of Cohen's premises and electronic devices. As a general matter, the Government expects to report that its production is on schedule, as described in its April 18, 2018 letter to the Court.

    The Government also writes, in advance of the conference, to apprise Your Honor that we are prepared to withdraw our objection to the appointment of a Special Master to conduct the review of the potentially privileged materials seized during the April 9 searches, and to propose a compromise position with respect to the privilege review that, we believe, will most efficiently complete the review while honoring the concerns expressed by counsel for Cohen and the intervenors.

    Specifically, as set forth in more detail below, we propose that the Special Master directly review the seized materials to determine which appear to be privileged and then hear from both sides before making a final determination. We previously provided the Court with the names of three retired Magistrate Judges for consideration for appointment by the Court as a Special Master in this matter, and have subsequently spoken to some of the candidates we proposed. In that regard, we attach as Exhibit A a letter from retired Magistrate Judge Frank Maas describing his proposed process. The Government supports the process recommended in Judge Maas's attached letter, namely, use of a technology-assisted review ("TAR") process to identify potentially privileged material for review in an efficient manner, with an opportunity for Cohen and the intervenors to be heard and to supplement the documents they claim as privileged. Judge Maas recommends this method based on his experience as providing a "timely and cost-effective" way to accomplish the review. He also notes that TAR is "at least as effective as exhaustive manual review, and far more efficient."

As Judge Maas explains, he would likely engage Maura R. Grossman, a New York lawyer and a research professor in the School of Computer Science at the University of Waterloo, who is renowned in the field of e-discovery and a TAR expert, to assist with the review.  In particular, Judge Maas proposes that:

- Each party would have an opportunity to make submissions to Judge Maas including any information necessary to help him identify any privileged or non-privileged material.[1]

- Based on that information, and using a technology-assisted review process, Judge Maas and Ms. Grossman would make an initial selection of potentially privileged documents in short order.  Judge Maas estimates that barring complications, he would conduct his review on a rolling basis, as documents become available, and that the process of identifying potentially privileged documents could be concluded within two weeks through the TAR process.  Although not specified in Judge Maas's letter, the Court could also afford Cohen and the intervenors a certain time period in which to designate any additional privileged documents not originally identified by Judge Maas and Ms. Grossman.

- Judge Maas also describes his expected process with respect to each potential category of non-electronic materials, including recorded telephone calls, cell phones, and hard copy documents. The former two would be formatted to be reviewed using TAR, and the hard copy documents (most of which have already been scanned) could either be reviewed manually or using TAR.  Judge Maas would reach his final privilege determination after considering arguments.

If the Court does not select Judge Maas as Special Master, the Government believes that the above-referenced process can be implemented by any of the other retired Magistrate Judges that the Government has proposed to the Court, and that such a process generally provides for the most efficient, expeditious, and neutral review.

We believe that using Judge Maas or another neutral retired former Magistrate Judge familiar with this electronic discovery process and with experience in ruling on issues of privilege will lead to an expeditious and fair review of the materials obtained through the judicially-authorized search warrants.  Cohen and the intervenors will have the opportunity to have their claims of privilege considered by a neutral Magistrate before any document as to which they assert privilege is turned over to the Government's Investigative Team, while the non-privileged documents as to which there is no issue will be quickly identified and made available to the Government's Investigative Team for use in the ongoing investigation.  Thus, this reasonable compromise procedure will fully honor the attorney-client privilege while

---

[1] For example, Cohen's counsel could provide a list of clients and attorneys and (on an *ex parte* basis) some background and context regarding the nature of the attorney-client relationships.  The Government could provide (similarly on an *ex parte* basis) the search warrant affidavit and some background on the Government's investigation and/or theory of the case, as would be necessary for Judge Maas to make any determinations regarding application of the crime-fraud exception.

ensuring the efficient completion of the privilege review in a manner that recognizes the important law enforcement interests at stake. *See United States v. Grant*, 2004 WL 1171258, at *2 (S.D.N.Y. May 25, 2004) (discussing balance between "public's strong interest in investigation and prosecution of criminal conduct" and limited incursion into attorney-client privilege).

In particular:

- The Government's proposed procedure will be more efficient than the proposal offered by Cohen's counsel, and likely result in an initial batch of potentially privileged documents to be available for a Special Master to review within two weeks.

- The Government's proposed procedure renders the creation of a privilege log – a cumbersome task that caused substantial delay in the *Stewart* case – unnecessary. While Cohen's proposal relies on a privilege log as the main tool for the review, Judge Maas observes such logs are "virtually useless."

- Placing the initial identification of potentially privileged materials in the hands of a neutral party guards against the concern that an interested party making the first selection would be overbroad or underinclusive in their selection of the universe of potentially privileged materials. That, in turn, would cut down on disputes between the parties as to privilege determinations.

- Permitting the Government Filter Team to see the potentially privileged documents identified by the Special Master will obviate the need to review documents as to which the Government does not dispute privilege, and – as to any subset of materials as to which there is disagreement – will enable the Special Master to receive timely and fully informed input both from Cohen and/or the intervenors and the Government's Filter Team. This will make the dispute resolution process even more efficient and expeditious.

The alternative procedure proposed by Cohen's counsel is unworkable. Under Cohen's procedure, neither the Government nor the Special Master will have access to the seized materials in order to properly evaluate privilege. Instead, *Cohen*'s counsel will make the initial review of the seized materials and will provide the Special Master and the Government with nothing more than a privilege log. (4/25/18 Letter at 3). That is essentially the same extraordinarily relief that Cohen asked for in the first instance, and which the Court appeared to reject. And that is the very process that bogged down the *Stewart* case for more than a year, even though the volume of materials seized in that case was likely substantially smaller than in this case. *See United States v. Sattar*, No. 02 Cr. 395 (JGK), 2003 WL 22137012, at *22 (S.D.N.Y. Sept. 15, 2003). What is more, Cohen's proposal contemplates that the Government Filter Team will *only* be able to review the privilege log, not the actual documents themselves, and that the Special Master would only be called on to review *any* documents if the Government

Case 1:18-mj-03161-KMW Document 28 Filed 04/26/18 Page 4 of 5

Page 4

objects to Cohen's designations.[2] (4/25/18 Letter at 3). Under such a proposal, the Government will be deprived of the ability to make fully informed objections to Cohen's designations, and Cohen will have effectively turned the Government's search warrant into a subpoena, severely curtailing the role of the Government and a Special Master while maximizing the role played by his own attorneys. *See Grant*, 2004 WL 1171258, at *2. The Government would then have to seriously consider objecting to most documents designated by Cohen as privileged, because otherwise the Special Master would never be called on to make an independent review of the documents. That, coupled with Cohen's clear incentive to be overbroad in his initial designations,[3] will result in the Special Master needing to review and adjudicate a far broader set of disputes than if the Special Master were to make the initial selection of potentially privileged materials.[4]

---

[2] If Cohen's request for a privilege log were to be granted, there is no reason the Government's Investigative Team could not review the privilege log.

[3] As the Court is aware, after originally stating that the Government seized "thousands, if not millions," of pages of privileged documents, Cohen subsequently identified three current clients. Of those three clients, one, Sean Hannity, has since said that "Michael Cohen has never represented me in any matter. I never retained him, received an invoice, or paid legal fees." Another, President Trump, reportedly said on cable television this morning that Cohen performs "a tiny, tiny little fraction" of his overall legal work. These statements by two of Cohen's three identified clients suggest that the seized materials are unlikely to contain voluminous privileged documents, further supporting the importance of efficiency here.

[4] If the Court does permit Cohen and the intervenors to make privilege determinations in the first instance, Cohen should still be required to provide the Filter Team and the Special Master with the actual documents, and not a privilege log, to effectuate a more efficient and neutral assessment of privilege issues.

      For these reasons, the Court should endorse this proposed compromise position. If the Court does so at today's conference, the Government can begin producing materials to the Special Master on the same timeline it is producing materials to Cohen's counsel, such that the Special Master could begin the initial selection of potentially privileged materials on a rolling basis starting immediately.

                                        Respectfully submitted,

                                        ROBERT KHUZAMI
                                        Attorney for the United States,
                                        Acting Under Authority Conferred by
                                        28 U.S.C. § 515

By: _____
                                        Thomas McKay
                                        Rachel Maimin
                                        Nicolas Roos
                                        Andrea Griswold
                                        Assistant United States Attorneys
                                        (212) 637-2268

cc:  Todd Harrison, Esq. (by ECF)
      Joanna Hendon, Esq. (by ECF)
      Alan Futerfas, Esq. (by ECF)