

April 25, 2018

Tatiana Martins, Chief
Public Corruption Unit
Office of the United States Attorney
  for the Southern District of New York
One St. Andrews Plaza
New York, New York 10007

      Re:    <u>Cohen v. United States</u>, 18 Mag. 3161 (KMW)

Dear Ms. Martins:

      This letter responds to your inquiry as to how a master might conduct the privilege review of the materials seized from Michael Cohen. I see two principal alternatives.

      First, a master might simply await a privilege and work product log prepared by the Government's taint team, the Movants' counsel, or both. The master could then review the logged materials to determine whether they are protected and, if so, whether some recognized exception (such as the crime-fraud exception) applies. As part of that process, the master presumably would entertain submissions (probably at least in part *ex parte*) from both the Government and the Movants, and hear oral argument. One of the shortcomings of this process is that it entails the use of privilege logs. Having conducted scores of privilege reviews over the years, I have found that privilege logs often are virtually useless as a tool to assist a judge or master, and their preparation is expensive and can cause delay.

      Alternatively, the master could directly review the seized materials to determine which appear to be privileged. The master would then solicit submissions from both sides and hear oral argument before making a final determination. To the extent that the materials are in electronic form, the most effective and efficient way to do this would be through the use of technology-assisted review ("TAR"). A TAR process known as continuous active learning ("CAL") has been shown in several studies to be at least as effective as exhaustive manual review, and far more efficient. *See, e.g.*, M.R. Grossman and G.V. Cormack, *Technology-Assisted Review in E-Discovery Can Be More Effective and More Efficient Than Manual Review*, 17 Rich. J.L. & Tech. 11 (2011); G.V. Cormack and M.R. Grossman, *Navigating Imprecision in*

*Relevance Assessments on the Road to Total Recall: Roger and Me*, Proceedings of the 40th Int'l ACM SIGIR Conference on Rsch. and Dev. in Info. Retrieval, 5-14 (2017). The effectiveness of TAR, and CAL in particular, has been recognized in this District.

If Judge Wood were to appoint me as the master, I likely would engage Maura R. Grossman, a New York lawyer and research professor in the School of Computer Science at the University of Waterloo, who is renowned in the field of e-discovery, and a TAR expert, to assist with the review. Given the locations searched and the media seized, it appears that the volume of information to be reviewed is unlikely to be overwhelmingly large. Once the seized information has been processed and is available on a review platform, identification of the potentially privileged electronic information using TAR could commence within a day or so. Preliminary privilege determinations would then be fed back to the TAR system, which would identify more potentially privileged data, and so on, until the universe of potentially privileged material is identified. The Movants could assist this process by identifying documents that they consider privileged or otherwise protected.

The process would continue as long as privileged data is identified by the TAR system. Barring complications, the entire technology-assisted review of the electronic data could likely be accomplished in one to two weeks, and would not require the use of contract reviewers or associates. I believe this would be the most effective, efficient, and secure method to accomplish the privilege review in a timely and cost-effective manner. I note that the Government has indicated in a letter to Judge Wood, dated April 18, 2018 (ECF No. 16), that the electronic material will be produced on a rolling basis. If so, the review of that material using Professor Grossman's TAR tool could begin as soon as a reasonable amount of material is available.

I understand from newspaper articles that Mr. Cohen may have recorded certain of his telephone calls. If those recordings are voluminous, the most efficient way to review them would be to convert them from speech to text. The text could then be reviewed in the same manner as the other electronic data.

I also understand that the Government has seized certain cell phones. While the extraction and processing of the contents of cell phones can be challenging, once that is accomplished, the resulting text files can be reviewed using the same TAR process.

Finally, I assume there are some hard copy documents. Unless the volume is overwhelming, manual review may be the most efficient means of dealing with that material. In the event that the number of hard copy documents exceeds what can reasonably be manually reviewed, optical character recognition can be applied to the documents, and the resulting data processed and reviewed using TAR.

In sum, while I recognize the importance of this undertaking, whether the Government or a master performs the initial review of the seized materials, the process of identifying those that are privileged and determining whether any privilege exceptions apply should not be inordinately expensive or time consuming. In that regard, even if no master is appointed, I would urge you to consider using Professor Grossman, or someone with similar skills, to assist you with the review.

I hope this is helpful. Please let me know if you have any questions.

Respectfully,

Frank Maas