

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen M. Ryan
Attorney at Law
sryan@mwe.com
+1 202 756 8333

May 9, 2018

**VIA ECF**

United States District Judge Kimba M. Wood
United States District Court for the Southern
    District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     *Michael D. Cohen v. United States of America*, 18-MJ-3161 (KMW)

Dear Judge Wood:

We represent plaintiff Michael D. Cohen ("Mr. Cohen") in the above-referenced matter. We write in response to Mr. Michael Avenatti's application to appear *pro hac vice* in this case. After the Court's April 26, 2018 hearing, the Government asked that Ms. Clifford's motion to intervene be held in abeyance, and we requested the right to file a response to Ms. Clifford's motion. ECF 31. The Court subsequently granted the Government's request to hold Ms. Clifford's motion in abeyance pending discussions between the Government and Ms. Clifford's counsel. ECF 35. We are not commenting today on Ms. Clifford's motion to intervene. The Court has not issued an order with a briefing schedule for the motion to intervene or Mr. Avenatti's *pro hac vice* application, but we now submit this opposition to Mr. Avenatti's *pro hac vice* application for the following reasons: (1) yesterday Mr. Avenatti published numerous incorrect statements regarding Mr. Cohen while his *pro hac vice* motion is pending before the Court; (2) Mr. Avenatti is apparently in possession of and has published information from some of Mr. Cohen's actual bank records, and Mr. Cohen is concerned that Mr. Avenatti has no lawful basis to possess those materials; and (3) Mr. Avenatti has made numerous incorrect statements to the public in an apparent attempt to prejudice and discredit Mr. Cohen on this matter for which he seeks admission.

1.     **Mr. Avenatti has published numerous incorrect statements regarding Mr. Cohen.**

On May 8, 2018, Mr. Avenatti released what he characterized as a Preliminary Report of what he has titled "Project Sunlight." *See* Ex. A. This document is concerning for a number of reasons, including the number of blatantly incorrect statements it contains. For example, Mr. Avenatti made a series of claims under the heading "Possible Fraudulent and Illegal Financial Transactions." Perhaps the most interesting item on this list is Mr. Avenatti's claim that the

U.S. practice conducted through McDermott Will & Emery LLP.

**500 North Capitol Street, N.W., Washington, DC 20001  Telephone: +1 202 756 8333  Facsimile: +1 202 756 8087  www.mwe.com**

Letter to United States District Judge Kimba Wood
May 9, 2018

Page 2

plaintiff Michael D. Cohen received a wire transfer from Actuarial Partners Consulting SDN BHD to an account in Toronto.  Ex. A at 7.  However, the Michael Cohen who apparently received this wire is a Canadian citizen who has conducted foreign aid work for Actuarial Partners in Tanzania – not the plaintiff Michael D. Cohen in this case.  The Michael Cohen who was actually involved in this transaction has expressed grave concerns about the breach of his privacy by Mr. Avenatti's apparently improper possession and publication of his personal bank records.  *See* Ex. B (email from the Canadian Michael Cohen dated May 9, 2018).  Mr. Avenatti also claimed that Mr. Cohen received a wire transfer from a Kenyan bank from Netanel Cohen and Stav Hayun to an account in Israel.  In response to a media inquiry, Mr. Netanel Cohen has stated that the Michael Cohen who received this wire is his brother in Israel, not the plaintiff Michael D. Cohen in this case.  *See* Ex. C, Chuck Ross, *Avenatti Accuses the Wrong Michael Cohens of Making "Fraudulent" Payments*, **The Daily Caller** (May 9, 2018), *available at* http://dailycaller.com/2018/05/09/avenatti-michael-cohen-israel/.  Mr. Avenatti's conduct in somehow obtaining random bank records and publishing them without proper concern for their accuracy is extremely troubling for the parties in this case, the Court, and the public.

> A.  Singapore.  Mr. Avenatti claims that Mr. Cohen cashed a check in Palm Beach County, Florida on July 14, 2016, from KCS Outsourcing Solutions Pte Ltd. ("KCS").  Ex. A at 7.  This is incorrect.  Mr. Cohen was not in Palm Beach, Florida on July 14, 2016.  Further, he has no knowledge of KCS.
>
> B.  Hungary.  Mr. Avenatti claims that Mr. Cohen received two wire transfers from KOBE EVA KERESKEDELMI ("KOBE") to an account in Singapore at DBS Bank.  Again, this is incorrect.  Mr. Cohen has no knowledge of KOBE.
>
> C.  Taiwan.  Mr. Avenatti claims that Mr. Cohen conducted a wire transfer from a Taiwanese bank account to an account at Bank of America.  Mr. Cohen has never had a Taiwanese bank account, has never been to Taiwan, and has never even had a Bank of America bank account.

We are not going to list every incorrect statement contained in Mr. Avenatti's "Preliminary Report."  We note, however, that Mr. Avenatti's statements above have absolutely no relation to his client, or her civil lawsuit against Mr. Cohen.

**2.  While much of the information in his "report" is completely inaccurate, Mr. Avenatti has published some information that appears to be from Mr. Cohen's actual bank records, and Mr. Cohen has no reason to believe that Mr. Avenatti is in lawful possession of these records.**

While Mr. Avenatti has published numerous incorrect statements regarding Mr. Cohen, he appears to be in possession of some information from Mr. Cohen's actual bank records.  Mr. Avenatti has published information from these records, such as the identities of and payments

Letter to United States District Judge Kimba Wood
May 9, 2018

Page 3

made by Mr. Cohen's business clients, such as AT&T and Novartis. Ex. A at 3-4. These business clients have not been previously identified in public. We understand that the Government now possesses these records as a result of the seizures executed on April 9, 2018, and prior seizures, but we are not aware of any lawful attempts by Mr. Avenatti to obtain these records. We note that prior to this submission, the Inspector General of the U.S. Department of Treasury initiated an investigation into whether these bank records were "improperly disseminated." Ex. D, Beth Rainhard & Emma Brown, *Treasury inspector general launches probe into possible leak of Michael Cohen's banking records*, **The Washington Post** (May 9, 2018), *available at* https://www.washingtonpost.com/politics/treasury-inspector-general-launches-probe-into-possible-leak-of-michael-cohens-banking-records/2018/05/09/d33c2010-5391-11e8-b00a-17f9fda3859b_story.html?utm_term=.d44c95c0cf27. We have no reason to believe that Mr. Avenatti is in lawful possession of these bank records. If Mr. Avenatti wishes to be admitted *pro hac vice* before this Court, he should be required to explain to this Court how he came to possess and release this information. The details of when Mr. Cohen was paid by these business clients – whose names had not previously been made public – have no relation to the litigation in which he represents Ms. Clifford or any purported reasons he may have to appear before this Court.

### 3. Mr. Avenatti has made inaccurate statements to the public in an attempt to discredit Mr. Cohen.

Mr. Avenatti has also deliberately distorted information from the records which appear to be in his possession for the purpose of creating a toxic mix of misinformation. He has disclosed the identities of some of Mr. Cohen's clients and has incorrectly deemed their contractual relationships and corresponding payments to be "possibl[ly] fraudulent and illegal" without any basis to make such assertions. Ex. A at 3. For example, Mr. Avenatti stated that "Mr. [Viktor] Vekselberg and his cousin Mr. Andrew Intrater routed eight payments to Mr. Cohen through a company named Columbus Nova LLC ("Columbus") beginning in January 2017 and continuing until at least August 2017." Ex. A at 3. Mr. Avenatti's statements are incorrect, as can be seen from the public response of Columbus Nova. After Mr. Avenatti released his Preliminary Report yesterday, Columbus Nova stated that "Columbus Nova is a management company solely owned and controlled by Americans . . . and [n]either Viktor Vekselberg nor anyone else, other than Columbus Nova's owners, were involved in the decision to hire Cohen or provided funding for his engagement[.]" Ex. E, Jill Colvin & Catherine Lucey, *Porn star's lawyer says Russian paid Trump attorney Cohen*, **Associated Press** (May 9, 2018), *available at* https://finance.yahoo.com/news/porn-stars-lawyer-says-russian-paid-trump-attorney-231545037--politics.html. A spokesman for Vekselberg and the Renova Group also said in a statement that "neither Victor Vekselberg nor Renova has ever had any contractual relationship with Mr. Cohen or Essential Consultants." *Id.*

Letter to United States District Judge Kimba Wood
May 9, 2018

Page 4

 

We respectfully reserve the right to supplement this submission as more information becomes available.

***

We oppose Mr. Avenatti's admission for the reasons set forth herein.

Respectfully Submitted,

Stephen Ryan

/s/    Stephen Ryan

Todd Harrison

/s/    Todd Harrison

cc:    Counsel of Record