**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In the Matter of Search Warrants Executed on April 9, 2018* | |
| MICHAEL D. COHEN, <br><br> Plaintiff, <br><br> - against – <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 18-MJ-3161 (KMW) <br><br> **RESPONSE TO PETER J. GLEASON'S MEMORANDUM OF LAW IN SUPPORT TO THE MOTION FOR A PROTECTIVE ORDER** |

Proposed Intervenor Stephanie Clifford ("Ms. Clifford") files this brief response to the Memorandum of Law in Support to the Motion For a Protective Order (the "Motion") filed by Peter Gleason on May 17, 2018. [Dkt No. 51.]

As a preliminary matter, even though counsel for Ms. Clifford, Mr. Michael Avenatti, is addressed by name in the Motion and Mr. Gleason contends that Mr. Avenatti's conduct "necessitated the instant motion[,]" the stated request for relief in the Motion *does not have anything to do with Ms. Clifford or Mr. Avenatti*. Rather, Mr. Gleason seeks a protective order to ensure that his "discussions, regarding Eric Schneiderman, with [Plaintiff Michael Cohen], . . . which Plaintiff may have memorialized, should be privileged communications and not subject to disclosure to any third party." [Dkt No. 51 at 10.] *To be clear, Mr. Avenatti is not in possession of these communications. Further, neither Mr. Avenatti nor his client have requested that these communications be shared with them. Nor do they want access to them. Nor are they aware of any plans on the part of the government to share these communications with them.*

Moreover, Mr. Gleason's gratuitous ad hominem attacks on Mr. Avenatti are completely

1

unwarranted.[1]  Mr. Avenatti has not engaged in any "reckless and wanton behavior" and Mr. Avenatti takes exception to being described disparagingly as having a "fast and loose style."

As shown in Ms. Clifford's recent filing, the facts detailed in the report drafted and released by Mr. Avenatti were largely proven accurate.  Moreover, Mr. Cohen in his letter objecting to Mr. Avenatti being admitted *pro hac vice* failed to specify what laws Mr. Avenatti supposedly violated, or what wrongs he committed.  Mr. Gleason similarly failed to cite any legal authority to support his position.  This is not surprising, seeing that no Bank Secrecy Act law was violated by his disclosures.  <u>See</u>, <u>e.g.</u>, <u>In re JPMorgan Chase Bank, N.A.</u>, 799 F.3d 36, 41-42 (1st Cir. 2015) (explaining that Bank Secrecy Act "expressly forbids disclosure only by reporting financial institutions and their officers and agents, and by government entities, officials, and agents on the receiving end of SARs" and concluding that "neither the Act nor the regulations restrict ***third parties***—that is, parties on neither the financial-institution side nor the government side of a SAR exchange—from disclosing the existence or non-existence of a particular SAR.") (emphasis added).

For these reasons, Mr. Gleason's Motion should be denied.

Dated:  May 17, 2018				Respectfully Submitted,

						/s/ Michael J. Avenatti
						Michael J. Avenatti
						AVENATTI & ASSOCIATES, APC
						520 Newport Center Drive, Suite 1400
						Newport Beach, CA 92660
						Tel: (949) 706-7000
						Fax: (949) 706-7050
						E-Mail: mavenatti@eoalaw.com

---

[1] Mr. Avenatti is at a loss as to why Mr. Gleason would have filed pleadings with the Court attacking him.  Mr. Avenatti has absolutely no prior experience with Mr. Gleason.  Indeed, Mr. Avenatti first called Mr. Gleason days ago to discuss his prior letter to the Court and was promised a call back by Mr. Gleason.  He has yet to receive any such return call.