

Gregory R. Kaighn
Janis Kaighn
1390 Broadway, #B-345
Placerville, CA 95667
(424) 313-4993

RECEIVED MAY 18 2018 CHAMBERS OF KIMBA M. WOOD U.S.D.J.-S.D.N.Y.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/18

via facsimile only
(212) 805-7900

**MEMO ENDORSED**

May 17, 2018

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: Cohen v. United States (Case No. 18 MJ 3161)
       Victim's Motion For Arrest Warrants (18 U.S.C. 3771, FRCrP 3,4)

Dear Judge Wood:

We are writing in response to the pleadings filed by Peter Gleason, Esq. on May 17, 2018 and wish to be heard on the matters that are currently before this Court. We have previously asserted our rights as crime victims pursuant to 18 U.S.C. 3771 in our April 23, 2018 letter to this Court. Our April 23, 2018 letter was legally and properly filed via facsimile pursuant to the Court's written rules. We note for the record that for reasons unexplained, our letter has not been filed in the public records of this case. We note, however, that Mr. Gleason's initial letter to this Court was filed. This leads to us to two obvious questions. *Where is our April 23, 2018 letter and why hasn't it been filed?* The law clearly requires the clerk of the court to file our April 23 letter and to also file this letter in the public records.

We formally object to the Motion For Protective Order filed by Mr. Gleason in this case. *Simply stated, no one in their right mind reports any kind of 'crime' to Michael Cohen or Donald Trump.* The entire factual premise of Mr. Gleason's Motion For Protective Order is absurd. We have substantial experience in dealing with lawyers that are "playing both sides of the fence" by colluding with the other side's lawyer. That is exactly the fact pattern that also describes Mr. Gleason's motion in this case. His real goal seems to be to attack Mr. Avenatti. *No one reports a crime to Michael Cohen or Donald Trump.* Moreover, Mr. Gleason clearly violated any potential confidentiality that might have ever existed when he revealed his purported clients'

1

personal matters to Mr. Cohen and Mr. Trump. There is no attorney client privilege anymore. Peter Gleason waived any privileges that may have ever existed.

All of that being said, we agree *factually* with Mr. Gleason that local government in New York City and the State of New York has been completely corrupted. Mr. Gleason, wittingly or unwittingly, is describing and has confirmed (in a court filing) the existence of the exact same kind of public corruption that has covered-up the two year kidnaping of Garrett Kaighn. Mr. Gleason's statements are certainly part of the factual basis for this motion for arrest warrants. Mr. Gleason is completely correct about corruption in New York; but the corruption he describes is originating with Donald Trump and Michael Cohen.

Donald Trump and Michael Cohen both have counsel in this case. It has been nearly 30 days since our April 23, 2018 letter to this Court copied to all counsel and nearly two years since our son was kidnapped. We have received no response whatsoever from any lawyer on behalf of either party. Mr. Trump and Mr. Cohen have had more than enough time to return our son to us. Their failure to do so, on these facts, confirms their guilt for violation *18 U.S.C. 1201 and 1203*. A more detailed list of statutes violated follows this letter.

*Federal Rule of Criminal Procedure 3* states as follows:

> The complaint is a written statement of the essential facts constituting the offense charged. Except as provided in Rule 4.1, it must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer.

Our signatures are subscribed below under penalty of perjury. *Federal Rule of Criminal Procedure 4* states as follows:

> If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge *must* issue an arrest warrant to an officer authorized to execute it. At the request of an attorney for the government, the judge must issue a summons, instead of a warrant, to a person authorized to serve it.

The last sentence of Rule 4 demonstrates that persons other than "an attorney for the government" can seek an arrest warrant. Since neither of us is "an attorney for the government" we cannot ask for a summons; we can only ask for arrest warrants.

In the present case, there is certainly probably cause to believe that GARRETT KAIGHN has been kidnaped and is being held hostage in NEW YORK CITY and within this judicial district. The 20 minute audio tape of our son's kidnappers should have already have been provided to this Court by the U.S. Attorney's Office for the Southern District of New York. The above statutory language is clearly mandatory; this court *must* issue arrest warrants in this case.

2

As we previously stated, a sitting President can be criminally indicted while in office. We are not amused by the wacky statements coming from Rudy Giuliani over whether a sitting president can or cannot be indicted. We can end that debate right here and right now. We are private citizens that are clearly not bound by any sort of internal DOJ Office of Legal Counsel memorandum related to the criminal conduct of a sitting President. We are crime victims and no person is above the law in this country.

The U.S. Constitution clearly contemplates a "dual track" analysis when it comes to the criminal conduct of a sitting president. *Article I, Section 3* of the U.S. Constitution states as follows:

> Judgment in cases of impeachment shall not extend further than to removal from office, and disqualification to hold and enjoy any office of honor, trust or profit under the United States: ***but the party convicted shall nevertheless be liable and subject to indictment, trial, judgment and punishment, according to law.*** (emphasis added)

We are enclosing an additional copy of our April 23, 2018 letter (just in case it has been misplaced) the contents of which are hereby incorporated by reference in this motion. Based on the foregoing, we respectfully move for arrest warrants pursuant to Federal Rules of Criminal Procedure 3 and 4 for **MICHAEL D. COHEN** and **DONALD J. TRUMP**. We declare under penalty of perjury under the laws of the United States that the contents of this letter are true and correct.

Sincerely,

Gregory R. Kaighn
Janis Kaighn

cc: all counsel via email

jhendon@spearsimes.com
cdysard@spearsimes.com
nicolas.roos@usdoj.gov
rachel.maimin@usdoj.gov
thomas.mckay@usdoj.gov
tdharrison@mwe.com
sryan@mwe.com
jbevans@mwe.com
mavenatti@eoalaw.com
pjgleason@aol.com
asfuterfas@futerfaslaw.com
ebresnick@futerfaslaw.com

*The undersigned has jurisdiction over only claims of privilege asserted on behalf of Michael Cohen and the intervenors. It has no jurisdiction over the claims made in this submission, and no jurisdiction to issue arrest warrants. This motion is denied.*

5-21-18

SO ORDERED, N.Y., N.Y.

3

KIMBA M. WOOD
U.S.D.J.

LIST OF FEDERAL STATUTES VIOLATED

18 U.S.C. 1201, 1203 (kidnapping and hostage taking)
18 U.S.C. 201 (bribery)
18 U.S.C. 241 (conspiracy against rights)
18 U.S.C. 242 (deprivation of rights under color of law)
18 U.S.C. 1503 (influencing officer or juror)
18 U.S.C. 1506 (theft or alteration of records; false bail)
18 U.S.C. 1509 (obstruction of court orders)
18 U.S.C. 1510 (obstruction of criminal investigations)
18 U.S.C. 1511 (obstruction of state or local law enforcement)
18 U.S.C. 1512 (tampering with victim, witness, or informant)
18 U.S.C. 1513 (retaliation against victim, witness, or informant)
18 U.S.C. 1519 (alteration or falsification of records in federal investigation)
18 U.S.C. 1961 et. seq. (Racketeering Influenced and Corrupt Organizations Act)

Gregory R. Kaighn
Janis Kaighn
1390 Broadway, #B-345
Placerville, CA 95667
(424) 313-4993

via facsimile only
(212) 805-7900

April 23, 2018

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

        Re: Cohen v. United States (Case No. 18 MJ 3161)

        Notice of Claim of Victims Rights (18 U.S.C. 3771)

Dear Judge Wood:

We are writing to the Court for the purpose of asserting our rights as crime victims pursuant to 18 U.S.C. 3771 (and related statutes) in the above referenced case, and the related pending criminal investigation of Michael Cohen. We have every reason to believe that information related to both of us and our son is included in the materials seized from Michael Cohen. We have legal standing in this case because we are the crime victims of Michael Cohen and/or Donald Trump.

We previously notified counsel for the United States of our intention to write to the Court regarding this matter and received no objection. We are filing this letter via facsimile pursuant to the court's rules and have copied all counsel in this case via email as noted below. We have also provided all counsel in this case with a copy of a twenty minute audio tape of our son's hostage holders in New York City. There is no legitimate question about whether or not a crime has been committed. Because audio recordings do not "fax" very well, we are requesting that the U.S. Attorney for the Southern District of New York provide the court with a copy of this outrageously chilling audio recording.

Our son, Garrett Kaighn, was kidnapped in New York City on May 22, 2016 by persons acting on behalf of Michael Cohen and/or Donald Trump. Garrett was kidnapped while attempting to board an airplane to fly home for the summer. He is or was a student at Columbia University in New York City; his 22nd birthday is Wedneday of this week, and he is supposed to graduate from

1

Columbia this spring. We believe that Garrett is still alive and being held in New York City, however we have had no 'proof of life' whatsoever during the past two years. The elements of federal interstate kidnaping and hostage taking as set forth in 18 U.S.C. 1201 and 18 U.S.C. 1203 have clearly been met in this case.

This kidnaping plot started no later than December of 2013 when our son was admitted to Columbia University via the early decision program. He was 17 years old at the time of his admission to Columbia. It is therefore our legal opinion that the 'minor children' provisions of 18 U.S.C. 1201 are applicable in this case. Therefore, we believe that the minimum sentence in this case is twenty years . . . if our son is still alive. No family in America should ever be subjected to what has been done to us and to our son. We sent our son to college 3000 miles away from home in good faith . . . and got that shocking recording in return. Our son was very clearly kidnapped and he is still being held hostage in New York City. This is a major crime in progress and time is of the essence.

There is no doubt that Garrett's kidnaping is directly related to the 2016 Presidential election and to our involvement in both politics and the legal profession. Greg Kaighn was an elected delegate to the 2008 Democratic National Convention from the State of Arizona and pledged to Hillary Clinton. Janis Kaighn's family has personal connections to the Clinton Administration that go back more than 20 years. Because of the wide ranging spheres of political influence of Donald Trump and Michael Cohen, no agency of law enforcement anywhere in the United States has yet taken a crime report regarding our son's kidnaping. The case has never been investigated and no one has interviewed either one of us. This letter serves as our first crime report in nearly two years.

There is additional substantial evidence showing our son's kidnapers to include Donald Trump and/or Michael Cohen. We sued Donald Trump well before the 2016 Presidential election in the Eastern District of California in case no. 16-CV-02227 KJM. The case files are available to the court through the federal court website at pacer.gov. The essential allegation of our lawsuit is that Donald Trump is and was, at all times relevant, the agent of a foreign power and therefore legally ineligible to ever serve as President of the United States. Instead of defending the lawsuit on it's merits, Donald Trump and his California lawyers chose to horribly corrupt the litigation. Instead of actually opposing our Motion for Summary Judgement, Donald Trump and his lawyers chose to engage in numerous acts of criminal racketeering. The case files clearly and unambiguously show a shocking level of corruption and case fixing by the President of the United States and his lawyers. Had the case not been corrupted, it would have been resolved prior to inauguration day. Hillary Clinton would be the President today.

This nightmare started for us in August of 2011 when Janis Kaighn was raped in Sacramento California by a man who turned out to already be a "three strikes felon" under California law. 100% conclusive proof of all three strikes is attached for the court's review. Why was this "three strikes felon" on the streets instead of in prison in August of 2011 when Janis Kaighn was raped for strike four? How does a "three strikes felon" get a lifetime "get out of jail free" card from the federal government? Seven years later, that trail of evidence has lead directly to the Southern District of New York, to Michael Cohen, and to the President of the United States. Why did

2

Donald Trump corrupt a civil lawsuit leaving behind a devastating paper trail of irrefutable and insurmountable evidence in the process? There are no good answers to these questions. This is a public corruption case and we are direct and intended victims of that corruption.

This is just the tip of the iceberg with respect to the major crimes committed against both of us and our family. Our family has been put through the worst kind of nightmare over the last seven years at the hands of these people. Our son's kidnapping is an urgent continuing ongoing crime that must be resolved immediately. The American people expect nothing less than that. We have legal rights as crime victims and we are hereby asserting those rights on behalf of ourselves and on behalf of our son. There is no reason why Garrett Kaighn cannot be re united with his parents immediately. The execution of a 'no knock' search warrant on the attorney for the President of the United States strongly suggests that there is no reason for any further legal or political stonewalling over the kidnaping of our son.

A sitting President can certainly be criminally indicted while in office. The impeachment process described in the Constitution is political only and has no effect whatsoever on the jurisdiction of criminal courts at either the state or federal level. The exercise of prosecutorial discretion is limited to whether or not a President should be charged while in office or after he leaves office. The American people will neither ignore nor delay the prosecution of very serious crimes committed against private citizens like these.

A hypothetical President that commits murder is the extreme example that we have historically used to prove that we are legally correct in our analysis. President Trump correctly stated during the 2016 campaign that he could 'shoot someone on 5th Avenue' and not lose any votes. Politically, he was completely correct. Legally though, he would charged with murder and convicted of that murder. He might not lose votes, but it is impossible to run the country from prison. Congress would be forced to impeach a President that has been sentenced to prison.

We respectfully ask to the Court to expedite the return of our son and to order the U.S. Attorney for the Southern District of New York to provide victim services to us and to Garrett. It is our belief that the U.S. Attorney needs a formal court order in order to overcome the influence of the outside corruption surrounding these matters. If there is any chance that President Trump is personally innocent, then now is the time for him to speak.

Sincerely,

Gregory R. Kaighn
Janis Kaighn

enclosures

3

cc: all counsel via email

jhendon@spearsimes.com
nicolas.roos@usdoj.gov
rachel.maimin@usdoj.gov
thomas.mckay@usdoj.gov
tdharrison@mwe.com
sryan@mwe.com
jbevans@mwe.com
mavenatti@eoalaw.com

4

☐ PROBATION VIOLATOR

STATE OF FLORIDA
-vs-
Jamal A. Kazemi
Defendant

IN THE CIRCUIT COURT, NINTH JUDICIAL
CIRCUIT, IN AND FOR ORANGE COUNTY, FLORI
CASE NO. CR 90-435
DIVISION

3628118 ORANGE CO. FL.
03.06.40PM   10/17/90
IR4228 PG3741

## JUDGMENT

The Defendant, Jamal A. Kazemi, being personally before this Court, represented by _____, his attorney of record, and having:

(Check Applicable Provision)
☐ been tried and found guilty of the following crime(s)
☑ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo-contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NO(S) | CRIME |
|---|---|---|---|
| 2 | Battery on a Law Enforcement Officer | 784.03 / 784.07 | F |
| 3 | Battery on a Law Enforcement Officer | 784.03 / 784.07 | F |
| 4 | Resisting Officer with Violence | 843.01 | F |

AND no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

___ The Defendant is hereby ordered to pay three ($3.00) dollars as court cost pursuant to F.S. 943.25(4)
___ The Defendant is hereby ordered to pay two ($2.00) dollars pursuant to F.S. 943.25(8) (this provision is optional, not applicable unless checked.)
___ The Defendant is ordered to pay a sum of twenty ($20.00) dollars pursuant to F.S. 960.20 (Crimes Compensation Trust Fund.)
___ The Defendant is ordered to pay Two-hundred ($200.00) dollars pursuant to F.S. 27.3455.
___ The Defendant is further ordered to pay a fine in the sum of $_____ pursuant to F.S. 775.0835.
(This refers to optional fine for Crime Compensation Trust Fund, not applicable unless checked. Fines as part of sentence recorded on sentence page.)
___ The Court hereby imposes additional court cost of $_____

FILED IN OPEN COURT
THIS ___ DAY OF Oct, 1990
Fran Carlton, Clerk

Exhibit 4

004

Imposition of Sentence
Stayed and Withheld
(Check if Applicable)

☑ The Court hereby stays and withholds the imposition of sentence as to count(s) ___3,3___ and places the Defendant on probation or community control for a period of ___5yrs each ct. conc.___ under the supervision of the Department of Corrections/ Orange County Probation (conditions of probation/community control set forth in a separate order.).

Sentence Deferred
Until Later Date
(Check if Applicable)

☐ The Court hereby defers imposition of sentence until _____
_____consec. to Ct.4_____

The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

DONE AND ORDERED in open Court at ___Orlando___, Orange County, Florida this the ___ day of ___Oct___, 19_90_, pursuant to Rule 3.670.

_____
JUDGE

### FINGERPRINTS OF DEFENDANT

| 1. R Thumb | 2. R Index | 3. R Middle | 4. R Ring | 5. R Little |
|---|---|---|---|---|
| 6. L Thumb | 7. L Index | 8. L Middle | 9. L Ring | 10. L Little |

Fingerprints taken by
___D/S A. Sudden___ OCSO 10/12/90
Name and Title

DONE AND ORDERED in Open Court at ___Orlando, Orange County___, Florida, this ___ day of ___Oct___, 19_90_. I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant _____ and that they were placed thereon by said Defendant in my presence in Open Court this date.

STATE OF FLORIDA, COUNTY OF ORANGE

_____
JUDGE

JR&228 PR274 005



| | |
|---|---|
| JAN SCULLY<br>DISTRICT ATTORNEY<br>901 G STREET<br>SACRAMENTO, CA 95814<br>(916) 874-6218 | SPD-02-48514<br>J. MCCULLOUGH, DDA<br>TEAM: (DOMV)<br>06/19/2002 (IC) 8:30 60<br>XRef: 2478939 |



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

THE PEOPLE OF THE STATE OF CALIFORNIA,

vs.

JAMAL KAZEMI (08654597-01)

Defendant(s).

02F04980

The People of the State of California upon oath of the undersigned, upon information and belief complain against the defendant(s) above named for the crime(s) as follows:

### COUNT ONE

On or about June 12, 2002, at and in the County of Sacramento, State of California, defendant(s) JAMAL KAZEMI did commit a felony namely: a violation of Section 273.6(d) of the Penal Code of the State of California, in that said defendant did willfully, unlawfully, and knowingly violate a court order issued pursuant to the Domestic Violence Prevention Act, issued by Judge of the Superior Court for the County of Sacramento on April 2, 2002 in the Case Number 01FL08097 and involving an act of violence, said defendant having previously been convicted of the crimes of violation of a restraining order on the May 1, 2002, in the Superior Court of Sacramento County.

### COUNT TWO

For a further and separate cause of action, being a different offense from but connected in its commission as the charges set forth in Count One hereof: On or about June 12, 2002, at and in the County of Sacramento, State of California, defendant(s) JAMAL KAZEMI did commit a felony namely: a violation of Section 459 of the Penal Code of the State of California, First Degree Residential Burglary, in that said defendant did unlawfully enter an inhabited dwelling

06170106      (1) Exhibit 5      006

house and trailer coach and inhabited portion of a building occupied by KELLY KAZEMI, with the intent to commit larceny and any felony.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code Section 1192.7(c)."

It is further alleged that the above offense is a violation of Penal Code Section 462(a).

## COUNT THREE

For a further and separate cause of action, being a different offense from but connected in its commission as the charges set forth in Counts One and Two hereof: On or about June 12, 2002, at and in the County of Sacramento, State of California, defendant(s) JAMAL KAZEMI did commit a felony namely: a violation of Section 422 of the Penal Code of the State of California, in that said defendant did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to KELLY KAZEMI, with the specific intent that the statement be taken as a threat.

It is further alleged that the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to KELLY KAZEMI a gravity of purpose and an immediate prospect of execution.

It is further alleged that the said KELLY KAZEMI was reasonably in sustained fear of his/her safety and the safety of his/her immediate family.

06170106      Exhibit (2)      007

 

I declare upon information and belief and under penalty of perjury that the foregoing is true and correct.

Executed at Sacramento County, California, the 17th day of June, 2002.

_____
Declarant
SACRAMENTO COUNTY DISTRICT ATTORNEY

(916) 874-6218
Telephone Number

BLE

## HOLDING ORDER

____ It appearing to me that the offense(s) in the within complaint has/have been committed, and that there is sufficient cause to believe that the defendant, JAMAL KAZEMI, is guilty thereof,

____ The defendant, JAMAL KAZEMI, having waived preliminary hearing to the offense(s) set forth in this complaint,

Exceptions/Additions/Conditions: _____
_____

I order that the defendant be held to answer to same. In my capacity as Judge of the Superior Court, I deem the within complaint to be an Information and order it filed in the Superior Court.

Date:_____ Dept._____ _____
Judge of the Superior Court Sitting as Magistrate

Exhibit 5
(3)

008

06170106

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | | | | | |
|---|---|---|---|---|---|
| DATE/TIME | : | MAY 15, 2003 | DEPT. NO | : | 37 |
| JUDGE | : | PAMELA SMITH-STEWARD | CLERK | : | S. TEMMERMAN |
| REPORTER | : | S. REYNOSO 2304 | BAILIFF | : | B. WILLIAMS |

PRESENT:

THE PEOPLE OF THE STATE OF CALIFORNIA,  NOAH PHILLIPS, DDA
    Plaintiff,

VS.    Case No.: 02F04980

JAMAL KAZEMI,    NEIL LEONARD, CAC
    Defendant.

Nature of Proceedings:   JURY TRIAL  -  DAY ONE

The above-entitled matter came on this day for the first day of jury trial, with the above named parties present and ready to proceed.

Counsel and the Court met in chambers and discussed in limine matters.

At 1:50p.m., the above named parties were present in open court. The Court informed the defendant of the offer of 6 months to one year state prison and allowed him until 3:00p.m. to consider it.

At 3:00p.m., the above named parties were again present in court; the defendant informed his attorney that he declined the offer and wished to proceed to trial.

The parties agreed that the two violation of probation cases would be heard concurrently with the trial.

The People's motion to impeach the defendant, if he chose to testify, with a 1990 prior battery on a police officer was granted with the condition that only a felony conviction for battery may be mentioned and no mention of the police officer.

The Court allowed the deputy district attorney to file a brief pursuant to 1109 of the Evidence Code regarding the conduct between the defendant and the victim and their mutual violation of a restraining order on three to

| | | |
|---|---|---|
| BOOK | : | 37 |
| PAGE | : | |
| DATE | : | MAY 15, 2003 |
| CASE NO. | : | 02F04980 |
| CASE TITLE | : | PEO V. KAZEMI |

Superior Court of California,
County of Sacramento

BY: S. TEMMERMAN,
    Deputy Clerk

Page 1 of 2

Exhibit 6

21.doc- 4980 DAY 1 .doc
009



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

DATE & TIME: 03/29/2004  8:30 AM        DEPT    : 62
JUDGE      : RONALD TOCHTERMAN          CLERK   : K. PETERSON
REPORTER   : C. RUST                    BAILIFF :

----------------------------------------------------------------
PEOPLE OF THE STATE OF CALIFORNIA    )  COUNSEL:
                                     )  PHILLIPS TEAM 2/TU, DDA
              vs                     )
                                     )
JAMAL KAZEMI, DEFENDANT              )  PATRICIA TILLEY, RET
                                     )
                                     )
                                     )
----------------------------------------------------------------
XREF:    2478939    DOB:  04/29/1962        CASE NO.  02F04980

MINUTE ORDER & ORDER OF PROBATION

Defendant and counsel above named were present. Defendant was
convicted as follows:

    02/27/2004 CT 2            PC 459 FEL 1 Nolo contendere

The court having read and considered the presentence probation report,
ordered it filed.

It is ordered that imposition of judgment and sentence be suspended and the
defendant placed on formal probation for a period of 5 years from the date
of this order on the following general and specific terms and conditions:

The defendant shall serve 180 days in the Sacramento County Jail. The Court
recommends Work Furlough. Defendant to qualify or surrender at the Rio
Cosumnes Correctional Center. While in confinement, the defendant will
comply with all rules and regulations of the County Jail and conduct himself
in a proper manner.

Said term shall be served consecutive to all other terms.

Said term is stayed until 04/26/2004, 6:00 PM at which time defendant shall
report to surrender at the Rio Cosumnes Correctional Center.

Defendant shall receive credit for time served of 6 days.


        BOOK:   62
        PAGE:
        DATE:   03/29/2004
   CASE NO.:    02F04980
 CASE TITLE:    KAZEMI
    DISTRIB:                          PAGE       1

JICR0220/CR30 (12/1991)
*****************************************************************

Exhibit 7                                                    010