
**MEMO ENDORSED**

Gregory R. Kaighn
Janis Kaighn
1390 Broadway, #B-345
Placerville, CA 95667
(424) 313-4993

via facsimile only
(212) 805-7900

May 25, 2018

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/18
```

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: Cohen v. United States (Case No. 18 MJ 3161)
    Motion For Reconsideration (F.R.C.P. 60, 18 U.S.C. 3041)

Dear Judge Wood:

We respectfully submit that the District Court has made an error of omission with respect to the May 21, 2018 denial on our Motion For Arrest Warrants (Doc 57 in the court's files) in the above referenced matter. By way of this letter, we hereby move for relief pursuant to Federal Rule of Civil Procedure 60. This motion is timely and meets the requirements of Rule 60c.

Rule 60a states in pertinent part as follows:

> *The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.*

In addition, Rule 60(b)(1) also allow for relief based on *"mistake, inadvertence, surprise, or excusable neglect."* We respectfully submit that the court has misapplied the law with respect to the motion set forth in Doc 57. The basis for the court's ruling was also a complete surprise.

The court's ruling regarding jurisdiction seems to be based solely on the fact that the present litigation was commenced by Michael Cohen in order to challenge the search warrants executed on April 9, 2018. It also appears that the court is drawing a distinction between the powers of a

1

magistrate judge and the powers of a district court judge.

The challenging of search warrants by Michael Cohen by way of this present litigation is completely irrelevant with respect to the legal question of the *jurisdiction* of a district court judge to issue an arrest warrant. The moment Michael Cohen filed this litigation, the district court automatically became fully authorized to act according to law. The "scope" of the legal authority of a federal judge cannot be limited by any putative defendant. Michael Cohen cannot limit the scope of this court's legal authority to the issues he raises in his own self interest.

We recognize that in practice most arrest warrants in the federal courts are issued by magistrate judges pursuant to 28 U.S.C. 631 et. seq. and not directly by district judges. Magistrate judges work under the supervision of the district court judges sitting in the same district. Magistrate judges are given a "subset" of the legal powers and authorities that are granted to district court judges. It is therefore completely illogical to suggest that a magistrate judge with limited legal powers can issue arrest warrants but a district court judge who has much greater legal authority cannot.

18 U.S.C. 3041 very clearly authorizes the issuance of arrest warrants directly by a district court judge. The law states as follows:

> *For any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate judge . . .(may) be arrested and imprisoned or released . . . .*

We could have brought the Motion for Arrest Warrants set forth in Doc 57 to any magistrate judge or to any district court judge in the Southern District of New York. This court has jurisdiction because a crime has been committed in the Southern District of New York. We filed our motion in this particular case because this court is already considering very similar matters involving the exact same parties. This is the proper court of jurisdiction.

Based on the foregoing, we respectfully submit that our Rule 60 motion should granted, and that the court should also grant the motion set forth in Document 57. At a minimum, this matter should be kept under submission and the U.S. Attorney for the Southern District of New York ordered to "meet and confer" with us. After those discussions, we can further evaluate the issues raised in this motion.

Respectfully submitted,

/s/ Gregory R. Kaighn
Gregory R. Kaighn
Janis Kaighn        *Janis Kaighn*

*This "motion for arrest warrants" is denied. This court lacks jurisdiction. Criminal cases are assigned by lot, in this District.*

SO ORDERED, N.Y., N.Y.
5-29-18

*Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.

2