# SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

June 6, 2018

**BY ECF & E-MAIL**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

Re:   *Cohen v. United States*, No. 18-mj-3161 (KMW)

Dear Judge Wood:

    We represent President Donald J. Trump, an Intervenor in this action. We write on behalf of our client, of Plaintiff and of The Trump Organization, concerning the Court's Amended Order, dated May 31, 2018, directing the aforementioned parties to submit to the Court on a rolling basis, and by no later than June 11, 2018, any objections to the preliminary privilege determinations set forth by the Special Master in a report filed with the Court on June 4, 2018. We write to advise the Court that the parties intending to make such a submission are prepared to do so tomorrow, June 7, 2018. We write further to seek a ruling that those submissions be received under seal and *ex parte*.

    We have conferred with the government, whose position we summarize here:  To the extent a submission made pursuant to the Court's Amended Order of May 31 reveals the substance of a document or of documents over which Plaintiff or the Intervenors continue to assert attorney-client privilege or work product protection, the government does not oppose the redaction and sealing of those sections of the submission. Nor does the government oppose the filing of those sections *ex parte*. The government, however, opposes the wholesale filing under seal or *ex parte* of any submission made pursuant to the Amended Order. Further, to the extent there is litigation about an assertion of privilege or work product protection set forth in a submission made pursuant to the Amended Order – for example, were the Court to request a response from the government or to rule adversely to the government, the government reserves its right to seek sufficient information about the document or documents at issue in order to make a meaningful challenge to the privilege or work product designation, which may include seeking leave for a government filter team to review the otherwise *ex parte* and redacted sections of any submission made pursuant to the Amended Order, or to review the documents, themselves.

Hon. Kimba M. Wood                                                                                    Page 2
June 6, 2018

The Court has not previously addressed the circumstances under which it intends to receive documents under seal in this case. The Court has stated its intention that any party seeking to file a document under seal "apply to the Court and get a ruling." 4/13/18 Tr. at 73.

### 1. *The Submissions Required by the Court's May 31 Order Should Be Received Under Seal*

With respect to the sealing of documents, the applicable law is clear. Although judicial documents – that is, documents "relevant to the performance of the judicial function and useful in the judicial process" – are presumptively subject to access by the press and public, that presumption may be outweighed by competing factors, including "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted).

It is well-settled that matters occurring before the grand jury or in connection with a grand jury investigation are to be kept strictly confidential. Fed. R. Crim. P. 6(e). The government concedes that the searches of Michael Cohen's residences, offices and effects – the fruits of which are the subject of the proceedings now before the Special Master and the Court – "were carried out as part of an ongoing grand jury investigation being conducted by the USAO-SDNY and the FBI." Gov't Opp'n to Michael Cohen's Mot. For a Temporary Restraining Order 3, Apr. 13, 2018, ECF No. 1. Plaintiff and the Intervenors believe that the files now subject to review by their counsel, and any discussion of attorney-client privilege or work product protection attaching to those files (and any related discussion of the content of those files), are subject to the strictures of Rule 6(e).

Likewise, "[t]he preservation of attorney-client confidentiality is a well-recognized exception to the presumption of access." *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655 (LTS), 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012) (citing *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) (recognizing that "preserving the confidentiality of attorney-client communications" "is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records" (internal quotation marks omitted)).

By way of background, on April 13, 2018, in response to an application by a member of the press concerning that hearing – the first in this case – the Court stated that "[t]he compelling interest here is protecting the ongoing criminal investigation as well as the attorney client privilege." 4/13/18 Tr. at 5-6. The government then advised the Court that it had drafted its opposition papers (filed that morning) to avoid discussion of those aspects of the criminal investigation that it wished to keep secret, and that it was prepared to conform its oral argument accordingly. *Id.* at 6-7. Should a need for confidentiality arise, the government stated it would request permission "to go to sidebar." *Id.* at 7.

Thereafter, and for the balance of the morning session, the Court conducted roughly half of the proceedings at side bar and half in open court. *See id.* at 9-22 (open court), 23-34 (side bar), 34-38 (open court), 38-39 (side bar) & 39-41 (open court). Because the proceedings at

side-bar invaded neither the attorney-client privilege nor the secrecy of the grand jury investigation, the Court released the transcript of those discussions publicly, with the consent of the parties.

Under the authorities cited above, and the reasoning embraced by the Court previously, the Court should receive the submissions required by the Court's Amended May 31, 2018 Order under seal. In contrast to the matters before the Court on April 13, the submissions at issue will disclose matters pertaining to privilege and to the grand jury investigation, exclusively. As a practical matter, the submissions at issue therefore cannot be redacted. *United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995) (observing that redaction may not be a "viable remedy" where "virtually the entire text" of a document would be redacted and remanding to the district court for either "unsealing or denying public access"). Sealing is therefore appropriate.

### 2. *The Submissions Required by the Court's May 31 Order Should Be Received Ex Parte*

The Court also should receive the submissions required by its May 31 Order *ex parte*. *Ex parte* filing is a procedure commonly used by courts in this Circuit when assessing claims of attorney-client privilege and work product protection. *See, e.g., In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 382 n.1 (2d Cir. 2003) (evaluating whether documents were subject to the work product protection based on submissions made under seal and *ex parte*); *Maher v. Monahan*, No. 98 Civ. 2319 (JGK), 2000 WL 777877, at *1 (S.D.N.Y. June 15, 2000) (holding that certain documents were attorney-client privileged based on a party's *ex parte* submission). It is especially important that the Court permit *ex parte* submissions here, where, of necessity, Plaintiff and the Intervenors will be providing the Court with information concerning files which, to the extent an assertion of privilege or work product protection is upheld, will not be revealed to the government.

\* \* \* \* \*

For the reasons set forth above, Plaintiff and the Intervenors respectfully request that the Court enter an order allowing them to file the submissions called for by the Court's Amended Order of May 31, 2018 under seal and *ex parte*.

Respectfully submitted,

Joanna C. Hendon
Christopher W. Dysard
Reed M. Keefe

cc: All Counsel (by ECF)