*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 7, 2018

**BY ECF AND HAND**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Cohen v. United States*, **18 Mag. 3161 (KMW)**

Dear Judge Wood:

    Pursuant to the Court's Amended Order dated May 31, 2018, Michael Cohen and the Intervenors are required to submit any objections to the Special Master's Report and Recommendations by June 11, 2018. The Government respectfully submits this letter to request that, to the extent the Court is inclined to disagree with any of the Special Master's Recommendations in this or any future Report, the Government be given an opportunity to make a written submission before the Court makes a final ruling. In connection with such a submission, the Government would seek in advance sufficient information about the documents in question in order to respond meaningfully.

    The Government further notes that Cohen and the Intervenors submitted a motion yesterday requesting permission to file their objections to the Report and Recommendations wholly under seal and *ex parte*. The motion accurately stated the Government's position with respect to this request, namely, that the objections should be filed publicly, with the exception of any limited section that refers specifically to the substance of the contested documents; the Government does not object to those sections being filed at this time under seal and *ex parte*. But the Government further notes that, in support of the request for wholesale sealing and *ex parte* treatment, Cohen and the Intervenors make two errors.

    *First*, they claim that the materials seized pursuant to search warrant on April 9, 2018 "are subject to the strictures of Rule 6(e)" of the Federal Rules of Criminal Procedure. However, because these materials were seized pursuant to search warrant, Rule 6(e) does not apply, much less provide a basis to seal the filings in their entirety. *See, e.g., D.L. Cromwell Investments, Inc. v. NASD Regulation, Inc.*, 132 F. Supp. 2d 248, 254 n. 34 (S.D.N.Y. 2001) (LAK) ("Information obtained independently of a grand jury examination does not come within the secrecy provisions of Rule 6(e) simply because it may be presented to a grand jury in the future. Accordingly, in ordinary circumstances, information obtained pursuant to a search warrant, at least prior to any

presentation of it to a grand jury, is not covered by the Rule.") (citations and quotation marks omitted).

*Second*, Cohen and the Invervenors state that complete sealing and *ex parte* treatment is necessary to prevent the dissemination of purportedly privileged information.  Under the Government's proposal, however, such information—*i.e.,* the substance of the purportedly privileged documents—would not be revealed to the Government or the public, but would be redacted.  There is no reason why the Government and the public should be deprived of access to the balance of the filing—such as the law upon which Cohen and the Intervenors rely, or their legal analysis to the extent it does not directly describe the substance of the documents in question.

        Respectfully submitted,

        ROBERT KHUZAMI
        Attorney for the United States,
        Acting Under Authority Conferred by
        28 U.S.C. § 515

By: ___/s/_____
        Rachel Maimin
        Andrea Griswold
        Thomas McKay
        Nicolas Roos
        Assistant United States Attorneys
        (212) 637-2460

cc:  Alan Futerfas, Esq. (by ECF)
    Todd Harrison, Esq. (by ECF)
    Joanna Hendon, Esq. (by ECF)