

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Rachel Strom**
rachelstrom@dwt.com
**Robert Balin**
robbalin@dwt.com
**Jeremy Chase**
jeremychase@dwt.com

212-489-8230 tel
212-489-8340 fax

June 7, 2018

**VIA ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:     *Cohen v. United States*, No. 18-mj-3161 (KMW)

Dear Judge Wood:

      This firm writes on behalf of various news organizations, specifically American Broadcasting Companies, Inc., the Associated Press, Buzzfeed, Inc., Cable News Network, Inc., Daily News, L.P., The New York Times Company, NYP Holdings, Inc., Newsday LLC, and the Reporters Committee for Freedom of the Press (collectively, the "News Organizations").  We write in opposition to the June 6, 2018 letter of Plaintiff Michael Cohen ("Cohen") and President Donald J. Trump and The Trump Organization (collectively, "Trump") requesting leave to file their objections to the Special Master's Recommendations under seal and *ex parte* (Doc. No. 75), and in support of the government's June 7, 2018 letter arguing that Cohen and Trump should only be permitted to redact and file under seal those portions of their submissions that would reveal the substance of documents over which they continue to assert attorney-client privilege or work product protection (Doc. No. 76).  We write also to reiterate the compelling public interest in maintaining the greatest transparency possible in these proceedings, and the specific public interest implicated by Cohen's and Trump's request for a broad denial of public access here.

      The United States Supreme Court has made it clear that judicial proceedings are subject to a "presumption of openness" that "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Press-Enterprise Co. v. Supreme Court of California*, 464 U.S. 501, 510 (1984).  The constitutional presumption in favor of access requires "the most compelling circumstances" to justify any restriction upon that right.  *In re Application of Nat'l Broadcasting Co.*, 635 F.2d

4847-8802-9544v.2 0108234-000001

Anchorage   New York   Seattle
Bellevue    Portland   Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

Hon. Kimba M. Wood
June 7, 2018
Page 2

945, 952 (2d Cir. 1980). Moreover, "the common law right to inspect and copy judicial records is beyond dispute." *Id.* at 949. This common-law presumption is intended to promote accountability in the judicial process and to encourage public confidence in the administration of justice. *See*, *e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

      The public's right of access here cannot be overstated. As Your Honor is aware, the President of the United States' personal lawyer was the subject of a no-knock search warrant by the Federal Bureau of Investigation that led to the seizure of numerous documents. The issues in this case are of intense public interest and importance to our nation and have been the subject of headline news. Now that President Trump and Mr. Cohen are challenging whether certain of these documents may be turned over to government investigators, the public has a right to know what they assert are the bounds of the attorney-client privilege. The public has a right to understand the nature of the objections that Cohen and Trump assert to disclosure and why. The public has a right to know the legal arguments being advanced by the parties. And ultimately, the public has a right to know what categories of documents this Court determines should remain privileged and why. Stated simply, maintaining public confidence in the administration of justice in this case is paramount.

      While the News Organizations do not dispute at this time that preserving the confidentiality of attorney-client communications may amount to a compelling interest that overcomes the public right of access,[1] the Court must still find a narrowly tailored means to serve that interest. *Press Enterprise*, 464 U.S. at 510. The government's position as articulated in its June 7, 2018 letter strikes the correct balance between Cohen's and Trump's interest in upholding the attorney-client privilege and in the public's interest in upholding the right of access.

      By contrast, Cohen's and Trump's request is extraordinary. They claim that the wholesale sealing and *ex parte* treatment of all objections to the Special Master's Recommendations or other submissions made pursuant to the Court's May 31, 2018 Amended Order is necessary to prevent disclosure of allegedly privileged material. They take the needlessly overbroad position that anything revealing "matters pertaining to privilege" – which includes their legal arguments as to why particular documents or categories of documents are entitled to the privilege – must be cloaked in a veil of secrecy. Such a broad sealing order would go far beyond what is necessary to preserve any privilege, and plainly is not consistent with the law. *See*, *e.g.*, *E.E.O.C. v. Kelley Drye & Warren LLP*, 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012) (recognizing that "any request for sealing must be narrowly tailored to achieve its aim of preserving the higher value at issue," and finding "wholesale sealing of the Judicial Documents is unnecessary").

---

[1] Indeed, the News Organizations do not now seek access to documents that Cohen and Trump claim would reveal the contents of privileged communications.

4847-8802-9544v.2 0108234-000001

Hon. Kimba M. Wood
June 7, 2018
Page 3

Finally, Trump and Cohen assert that their objections must remain confidential pursuant to Fed. R. Crim. P. 6(e) because the materials here were collected as part of an ongoing grand jury proceeding. This assertion is incorrect. As Your Honor has held, "Rule 6(e) does not require 'that a veil of secrecy be drawn over all matters occurring in the world that happens to be investigated by a grand jury.'" *United States v. Skelos*, No. 15 CR 317 KMW, 2015 WL 6159326, at *10 (S.D.N.Y. Oct. 20, 2015) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)). For Rule 6(e) to apply there must be "some affirmative demonstration of a nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." *Senate of the Commonwealth of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). Trump and Cohen have wholly failed to explain how their objections could touch upon any protected aspect of a grand jury proceeding.

In sum, the News Organizations respectfully request that the Court order that Trump and Cohen's objections and any motions or submissions relating to those objections be filed publicly, with the narrow exception that those portions of the objections or submissions which would reveal the substance of the contested documents may be redacted from the publicly-filed objections and submissions. If it would assist the Court in reaching its decision, counsel for the News Organizations respectfully requests to be heard at any hearing on this matter.

Respectfully submitted,

Davis Wright Tremaine LLP

*/s/*

Rachel Strom
Robert Balin
Jeremy Chase

cc: Attorneys of Record (via ECF)