```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-22-2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL COHEN,

                      Plaintiff,

      v.

UNITED STATES OF AMERICA,

                    Defendant.
-----------------------------------------------------------X

18-MJ-3161 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      On June 4, 2018, the Special Master issued her Report and Recommendation, in which she recommended that a total of 162 items be designated as Privileged, 7 items be designated Highly Personal, and 3 items be designated as Not Privileged (the "Report"). (ECF No. 72, at 2.) Of the 162 items that the Report designated as Privileged, 148 came from the contents of two phones and an iPad, and 14 came from the contents of eight boxes. (*Id.*) All of the 7 items designated as Highly Personal came from the contents of the two iPhones and an iPad. (*Id.*) The Government did not object to the Special Master's recommendation with respect to these items. (ECF No. 76, at 1.) No other parties or non-parties filed objections to these designations by the June 11, 2018 deadline. (*See* ECF No. 70.) On June 15, 2018, the Special Master issued an amended Report and Recommendation (the "Amended Report"), which amended her recommendation with respect to one document, which now remains under the Special Master's consideration. (ECF No. 81, at 2.) On June 15, 2018, the Court ordered the Plaintiff and Intervenors to submit any objections to this report by 5:00 p.m. on June 18, 2018. (ECF No. 82.) No objections were filed.

      The Court has reviewed the 161 items that the Amended Report recommends designating

as Privileged, Partially Privileged, or Highly Personal.[1]   The Court adopts the Report for the following reasons:

- 57 of these items are text messages between Plaintiff and his outside counsel, in which Plaintiff requests legal advice from his outside counsel or Plaintiff's outside counsel provides legal advice[2];

- 55 of these items are text messages between Plaintiff and his outside counsel, in which Plaintiff requests legal advice from his outside counsel or Plaintiff's outside counsel provides legal advice in anticipation of litigation[3];

- 22 of these items are email communications or portions of email communications in which Plaintiff receives or requests legal advice from outside counsel[4];

- 6 of these items are email communications in which Plaintiff receives or requests legal advice from outside counsel in anticipation of litigation[5];

- 7 of these items are email communications between Plaintiff and a client, containing legal advice made in anticipation of litigation[6];

- 1 of these items is an email communication in which Plaintiff receives a request to initiate legal representation[7];

- 9 of these items are legal memoranda from outside counsel, providing legal advice to Plaintiff or a client of Plaintiff[8];

- 1 of these items is a letter from Plaintiff's outside counsel containing legal

---

[1] As stated in the Amended Report, 292,226 other items were part of this batch.  (ECF No. 81, at 2.)   These items have been produced to the Government and so any dispute over them is moot.  (*See id.*)   For this reason, this Order does not address those items.

[2] 1B24_Chats_0002069 to -0002076, -0002147 to -0002154, -0002171 to -2231, -0002232, -0006495 to -0006497.

[3] IB24_Chats_0007792 to -00074841, -0009566 to -0009582.

[4] 1B24_Emails_0000184, -0000190, -0000291, -0000292, 0000374, -0000405, -0000683, -0000849, 0000864 to -0000865, -0000868, -0000870, -0000872, -0000874 to -0000875, -0000881, -0000950, -0001238; IB26_Emails_0000195, -0001265, -0001349, -0001616.

[5] IB26_Emails_0000057, -0000158, -0000236, -0001094, -0001281, -0001324.

[6] IB26_Emails_0000255, -0001500, -0001524, -0001620, -0001621, -0001627, -0001628.

[7] IB26_Emails_0000216.

[8] 1B44_000004, -000005; IB48_00008; IB50_000001, -000011; IB52_000010, -000014; 1B54_000001; IB56_000026.

advice[9];

- 2 of these items are retainer agreements between Plaintiff and outside counsel, containing requests for legal advice[10];

- 1 of these items is a litigation document containing notes for Plaintiff's outside counsel, made in anticipation of litigation.[11]

The Court has also reviewed the 7 documents that the Special Master recommends withholding from the Government because they are Highly Personal. (ECF No. 81, at 2.) These documents all concern Plaintiff's family affairs and are not relevant to the Government's investigation.

With respect to the above items, the Court ADOPTS the Amended Report.

\*   \*   \*

The Court has also considered the Special Master's recommendation for Plaintiff and Intervenors to submit designations to the Special Master on a rolling basis for all items in their possession as of June 15, 2018, with a final deadline of June 25, 2018. The Court instead sets the following schedule for this case:

- By June 25, 2018, Plaintiff shall submit designations to the Special Master of all items in his possession as of today;

- By June 27, 2018, the Intervenors shall submit designations to the Special Master of all items in their possession as of June 25, 2018; and

- With the exception of any items not in Plaintiff's possession as of today, the Special Master is DIRECTED to produce all items to the Government taint team that, as of June 27, 2018, at 11:59 p.m., have not been designated Privileged, Partially Privileged, or Highly Personal by Plaintiff, an Intervenor, or the Special Master.

---

[9] 1B137_000003.

[10] 1B53_000020; 1B55_000023.

[11] 1B87_000005.

If Plaintiff or any Intervenor believes these deadlines are not feasible, that party shall submit to the Court by tomorrow, June 23, at 6:00 p.m., a detailed, sworn statement explaining why these deadlines are not feasible.

SO ORDERED.

Dated: New York, New York
      June 22, 2018

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

4