

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Todd Harrison
Attorney at Law
tdharrison@mwe.com
+1 212 547 5727

June 25, 2018

United States District Judge Kimba Wood
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *In the Matter of Search Warrants Executed on April 9, 2018*, No. 18-mj-3161 (KMW)

Dear Judge Wood:

    We represent plaintiff Michael D. Cohen ("Mr. Cohen") in the above referenced matter. We write to advise the Court that we have met the Court's deadline and have completed our review and privilege designations of the more than 4 million files produced to us by the Government. We have designated over 12,061 files as privileged pursuant to the attorney-client privilege and attorney-work product doctrine.

    The Government's production of documents began on April 26, 2018, with subsequent productions being made on May 1, 2018, May 3, 2018, May 17, 2018, May 18, 2018, June 14, 2018 and June 15, 2018. The productions included information from 13 different mobile devices and iPads, hard copy documents and 20 "Digital Media" devices, which are external hard drives, flash drives and laptops. The documents the Government provided to us are primarily from

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue New York New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444    www.mwe.com**

United States District Judge Kimba Wood
June 25, 2018
Page 2

mobile phones, and were provided to us in what are called Cellebrite UFED reports. A Cellebrite UFED report does not attribute unique control numbers to each document.[1]

     We were tasked with processing the mobile device data provided to us by the Government, assigning unique Control ID numbers to each file (which was not the manner in which the files were produced to us), producing that processed data to the Special Master, producing that processed data back to the Government and searching for and producing the relevant documents to the Intervenors. In total, we have made 12 separate productions to each Intervenor. While making productions to the Special Master, the Government and the Intervenors, we have simultaneously culled through and reviewed all of the produced materials on behalf of our client. We only received the final batches of documents from the Government on June 14, 2018 and June 15, 2018. We have moved with rapid dispatch to comply with all of Judge Jones' and Your Honor's deadlines and have so complied.

     We note also that certain of the devices seized by the Government belong to Mr. Cohen's daughter, son and wife or only contained family videos and other highly personal materials. We have a pending application in front of Judge Jones requesting that those devices be excluded from review, as there is no just purpose for the Government to be rummaging through Mr. Cohen's family's devices.

     We are grateful for the Court's Order granting our application to conduct this review and believe this was a necessary exercise to maintain the preservation of the attorney-client privilege and the work-product doctrine in this important case. Our attorneys have made an enormous commitment to this project and have conducted this review and production schedule quickly and meticulously. We believe that our dual role of processing the mobile data and assigning unique Control ID numbers and making numerous productions to all parties involved while

---

[1] This posed a problem with our dual duties: (1) producing documents to counsel for Mr. Donald Trump and the Trump Organization (the "Intervenors"); and (2) reviewing documents and designating claims of privilege for the Special Master. Having unique control numbers is critical to the review process so that all parties are on the same page when referring to privilege designations. This issue was raised by the Special Master in our first meeting. To deal with this issue, we proposed the following plan to the Special Master, which the Special Master approved. We took the data provided to us by the Government and extracted the information from the Cellebrite UFED report, processed the data into a Relativity-load file and assigned unique Control ID numbers to each file. We then took these processed files, each of them with a unique Control ID number, and made productions to the Special Master of all of the mobile devices provided by the Government. We also simultaneously made productions to counsel for Mr. Trump and to the Trump Organization. Finally, we provided the Government with the processed information. Pursuant to this method, we ensured that the Special Master, Mr. Cohen's counsel, Mr. Trump's counsel, the Trump Organization's counsel and the Government all had documents bearing unique Control ID numbers.

United States District Judge Kimba Wood
June 25, 2018
Page 3

simultaneously making our own privilege designations was critical to the success of the project, not just for Mr. Cohen but also for the Intervenors.

    Mr. Cohen and his counsel are extraordinarily grateful to the Special Master and her firm for the painstaking care and clear direction she provided to keep this process on track, efficient and on time.

Sincerely,

/s/    Todd Harrison

Todd Harrison

/s/    Stephen Ryan

Stephen Ryan

cc:    Counsel of Record (via ECF)